ULSTER GENERAL TERM, June, 1848.    *Harris, Watson, and Parker,* Justices.

WOOLSEY *vs.* SAUNDERS.

A copy of the docket of a judgment rendered in the supreme court, and docketed in a county clerk's office pursuant to the statute, for the purpose of redemption, by a judgment creditor, of the lands sold under the judgment, is properly certified by the clerk of the county in which the judgment was docketed.

Whether a redemption can be made without the production of such a copy of the docket as will show the judgment to be a lien upon the land sought to be redeemed?    *Quære.*

THIS was an action of ejectment tried at the Ulster circuit, in October, 1846, before PARKER, circuit judge. The plaintiff proved a sale of the premises in question by the sheriff of Ulster, on the 19th of August, 1841, to one Gilbert, upon a judgment in favor of Gilbert, against the defendant. He then offered in evidence papers to show a redemption of the premises by himself, as a judgment creditor of the defendant, and a sheriff's deed pursuant to such redemption. The counsel for the defendant objected to the copy of the docket of the judgment produced upon the redemption, on the ground that the judgment upon which the redemption was made had been recovered in the supreme court, and the copy of the docket of the judgment produced to the sheriff, at the time of the redemption, was certified by the clerk of the county of Ulster, instead of the clerk of the supreme court. The circuit judge decided that the certificate of the county clerk was a sufficient compliance with the requirement of the statute. The defendant's counsel excepted; and upon a bill of exceptions moved for a new trial.

*T. R. Westbrook,* for the defendant.

*M. Schoonmaker,* for the plaintiff.

*By the Court,* HARRIS, J.    The only ground relied upon by the defendant, to obtain a new trial, is the exception taken by

Woolsey *v.* Saunders.

him to the decision of the circuit judge, holding that a copy of the docket of a judgment rendered in the supreme court and docketed in a county clerk's office, pursuant to the 26th section of chapter 386 of the session laws of 1840, (2 *R. S.* 457, § 18, 3*d ed.*) for the purpose of redemption by a judgment creditor, is properly certified by the county clerk. I think the circuit judge decided correctly. To entitle a creditor to redeem, he must, among other things, produce, as "*evidence of his right,* a copy of the docket of the judgment or decree under which he claims the right, *duly certified by the clerk of the court of the county in which the same is docketed.*"

It is not pretended, in this case, that the plaintiff, has not literally brought himself within the terms of the statute. He produced upon the redemption *a copy of the docket* of his judgment duly certified by the clerk of the county of Ulster, in which county the judgment was docketed. But it is insisted that the provision of the revised statutes, authorizing a redeeming creditor to produce a copy of a docket certified by a county clerk, was intended to apply to judgments rendered in a justice's court, a transcript of which had been filed in the county clerk's office; and that in other cases the copy of the docket must be certified by the clerk of the court in which the judgment was rendered. As the law existed, prior to 1840, this must have been so, for the reason that, except in respect to the transcripts of judgments rendered by justices of the peace, judgments were only docketed with the clerk of the court in which they were rendered. Then, a judgment rendered in the supreme court was only docketed in the offices of the clerks of that court; and when so docketed, it became a lien upon the lands of the defendant throughout the state. A copy of such docket, certified by the clerk, would furnish the required evidence of the right to redeem. It would show the lien of the judgment upon the land sought to be redeemed, and the date of such lien. But after the act of 1840 took effect, such a certified copy of the docket would no longer furnish the evidence of a right to redeem. The docketing of the judgment by the clerk of the supreme court, no longer rendered the judgment a

Woolsey *v.* Saunders.

lien upon real estate. To give it that effect it became necessary, by the provisions of the act of 1840, that the party seeking to create the lien should procure from the clerk of the supreme court a certificate or transcript containing the facts necessary to make a perfect docket of the judgment, and upon filing such certificate or transcript with any county clerk, it became his duty "*to docket the judgment in the manner required by law.*" In other words, the judgment was to be docketed in the same manner as before; but such docketing was to be made by the clerk of the county with whom the certificate or transcript was filed, instead of by the clerk of the supreme court. The object of requiring the production of a certified copy of the docket, is to show a right to redeem, by showing the existence of a judgment which is a lien upon the land. This can no longer be shown by a copy of the docket certified by the clerk of the supreme court. It can only be shown by a copy of the docket certified by the clerk of the county in which the land to be redeemed is situated. Whether a redemption can be made without the production of such a copy of the docket as will show the judgment to be a lien upon the land sought to be redeemed, it is not necessary now to decide. Certain it is, that the legal effect of the docketing of a judgment by a clerk of the late supreme court, after the act of 1840 took effect, was very different from what it had previously been. A copy of such docket would no longer show what it did show before, and what the legislature obviously intended should be shown, to entitle a party to redeem, that the judgment was a lien upon the land. This could only be shown by a copy of the docket certified by the county clerk. Both the object and the letter of the statute being satisfied by the production of such a certificate, it ought not to be objected, I think, that the mode in which it is done differs from that contemplated by the legislature when it prescribed the terms upon which a judgment creditor might redeem. The motion for a new trial is therefore denied.