RAY, Respondent, v. DAVISON, Appellant.

1. Where the taker up of a mare as a stray acquires no right by such taking, he having no right under the stray law to take such mare up as a stray, a demand is not necessary to enable the owner to sue for her conversion.

*Appeal from Dallas Circuit Court.*

*Gardenhire*, for appellant.

I. The evidence showed, and the instruction given by the court assumed, that the mare and colt had been *taken up* as strays. The taker up then became, in the first instance, lawfully possessed of the goods. (1 Chitty's Plead. 157.) The original taking was not only lawful, but praiseworthy. (4 Pick. 249.) Non-compliance with the statute only deprived the taker up of the right to defend the action. (Id.) A lawful taking does not become unlawful *ab initio* by the mere determination of the right to detain. (15 Johns. 401.)

*Wright*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

After the defendant had abandoned all claim of right to the mare and colt in controversy derived from the stray law, we do not see on what ground he can insist that a demand should have been made. It is not shown that the first legal step was ever adopted towards taking up the mare ; she being unbroke could not be taken up at the season of the year she was posted. So there is no pretence that she was ever lawfully in the possession of the taker up ; there can then be no room for the application of the principle that a mere nonfeasance will not make one guilty of an abuse of authority in law a trespasser *ab initio*. It does not appear that there ever was an authority for taking up the mare. The other judges concurring, the judgment will be affirmed.