WILLIAM BAYLESS, Respondent, *v.* ALEXIS LEFAIVRE, Appellant.

37 119
49a 253
37 119
59a 399

1. *Action — Strays — Possession.* — The possession of personal property which will authorize an action for its recovery must be a lawful possession. — Where a party took up a stray, which he kept in his possession for a year without proceeding as a taker up of a stray animal under the statute R. C. 1855, p. 1506, he is to be treated as a trespasser *ab initio*, and cannot recover possession of the animal from a party into whose possession the animal may have again come as a stray.

*Appeal from St. Charles Circuit Court.*

Plaintiff asked the following instructions:

1. Peaceable possession of personal property is *prima facie* evidence of ownership, and in this case can only be rebutted by proof of title in the defendant himself. Evidence, therefore, tending merely to show that the colt in controversy belonged to some third person, not a party to this suit, cannot avail the defendant as a defence or justification of his taking the property out of plaintiff's possession.

2. If it appear from the evidence that the colt in controversy was in the peaceable possession of plaintiff for about twelve months, as of his own property, and that defendant, without the knowledge or consent of plaintiff, took possession of the same, and kept it until taken from him by legal process in this case, then the jury will find for the plaintiff, unless it is proven to their satisfaction by the evidence that the colt belonged to defendant.

Defendant asked the following instructions:

1. If the jury believe from the evidence that the horse in controversy is the same colt that came to plaintiff's as a stray, the fact that he took up said colt, and fed him for a year or so, does not give him any title or right to the possession of said colt.

2. Where the plaintiff sues for an animal, he must show title in himself to such animal, or that he is lawfully entitled to the possession thereof; and if the horse in controversy came into plaintiff's possession when a colt, and did not then belong to plaintiff, and was a stray, plaintiff acquired no title or right to the possession of said colt under the stray law, though he may have nursed and fed said colt, and kept him up for a year or more, unless he has shown an exact compliance with the provisions of the law both as regards his own action and that of the justice of the peace before whom the colt was appraised; and in order to give him title or right to possession as a stray, he must show that when he took up the animal, if between the first of April and the first of November,

it was found within his lawful enclosure; and if it was not taken up between these dates, then he must show that it was found on his plantation; that he was a householder, and that within ten days after he took it up he went before a justice of the peace of St. Charles county and made oath that it was taken up on his plantation, and that the marks and brands had not since been altered to his knowledge; that at least two disinterested householders took an oath that they would fully, fairly and impartially appraise the same; that they did appraise the same, and that their appraisement embraced a description of the size, color, sex, age, marks and brands of said stray, and that the justice of the peace entered the said description on his stray book; that the plaintiff, or justice, within fifteen days after such appraisement, delivered or caused to be delivered to the clerk of the County Court of St. Charles county a copy of such entry in his stray book; that plaintiff, immediately after the appraisement, caused a notice to be set up at three of the most public places in the township in which the stray was posted, containing a copy of the entry in the justice's stray book. If plaintiff has not shown an exact compliance with and performance of the above requirements, he has no right to the possession of the horse or colt in controversy, and you will find a verdict for the defendant.

3. If this horse is not the colt that plaintiff had possession of, you will find for defendant; and even if it is the same colt that plaintiff had and fed for some time as a stray, you will find for defendant, unless plaintiff has proven that he had the same appraised and posted in accordance with law.

4. It is not necessary for the defendant to show that he is entitled to the possession of the horse sued for, but it is necessary for the plaintiff to prove that he is entitled to the possession of said horse; and if he has not proved his right to the possession of the horse, you will find for the defendant.

Which the court refused to give, to which refusal the defendant excepted; and the court of its own motion gave the following:

" The jury are instructed that the burden of proof as to the right of possession is on the plaintiff; and unless the jury are satisfied from the evidence in the case that the defendant took the property in controversy from the possession of the plaintiff without his consent or knowledge, they will find for the defendant."

To which defendant excepted.

*H. C. Lackland*, for respondent.

I. The 1st and 2d instructions given for plaintiff are correct. (2 Greenl. § 618; 2 Hill. Torts, 1–13, 32; Criner v. Pike, 2 Head, Tenn. 398; Reader v. Moody, 3 Jones' Law, 372; Gardiner v. Thibodeaux, 14 La. An. 732.)

II. The 3d instruction given for plaintiff is correct. (1 Phil. Ev., C. H. & E. 453, 461–2; Ray v. Bell, 24 Ill. 444, 452; Cafferata v. Cafferata, 23 Mo. 235.)

III. The 1st, 2d and 3d instructions asked for by defendant were properly refused; they assumed that the plaintiff could not maintain his action unless he had, under the provisions of the stray law, or otherwise, perfected a title in himself which would be good not only against the defendant, but against all the world. (See authorities above cited.)

IV. As to the 4th instruction, the one given by the court of its own motion supersedes it, giving the law correctly to the jury in plainer and more comprehensive terms.

HOLMES, Judge, delivered the opinion of the court.

The plaintiff had taken up a stray colt and kept possession of it for a year without any proceedings as a taker up of stray animals, under the statute concerning strays. (R. C. 1855, p. 1506.) At the end of that time the colt strayed again from him, and was taken up by another person, and, while in his possession, was claimed by the defendant as his property, and the animal was given up to him. The plaintiff now brings this suit to recover the same as his property, unlawfully detained. By this act (§ 33) any person who takes up a stray, and fails to comply with the provisions of the act, is subjected

to a penalty of twenty dollars; and it is a thing forbidden by law. In such case the party is a transgressor, his possession is unlawful, and he is to be considered as a trespasser *ab initio*. (Harryman v. Titus, 3 Mo. 214; Ray v. Davison, 24 Mo. 280.) No claim can arise from an illegal transaction, or one forbidden by law; and where the plaintiff must bring forward his own unlawful act to support his claim, he must fail. (1 Hill. on Torts, 170; Gregg v. Wyman, 4 Cush. 326; Forster v. Thurston, 11 Cush. 322.) Such being the character of the plaintiff's possession here, he failed to show any such right of possession as will support this action.

If the plaintiff's possession had been a lawful one, proof of actual possession merely, and that the property had been taken out of his possession, would have supported the allegation that he was lawfully entitled to the possession, and that it was unlawfully detained by the defendant. Such a possession would have been *prima facie* evidence of ownership as against a wrong-doer, or one showing no better title. (2 Greenl. Ev. § 637; Bond v. Mitchell, 3 Barb. 303.) But here the plaintiff's possession was not only an unlawful one, but it was proved also that the colt had strayed away completely out of his possession and was lost to him, and that it had been taken up again by another person, from whom the defendant obtained the actual possession. Under these circumstances, it cannot be said that the defendant took the animal out of the plaintiff's possession. In Criner v. Pike (2 Head, 398) the plaintiff's mare had merely gone to her usual range in the woods, and came to the defendant's field in the neighborhood, and it was held that the plaintiff's possession was not destroyed. Here the colt had gone beyond the usual range of the plaintiff's animals, was considered by him as lost, and was found at a distance of five miles off, and within the usual range of the defendant's animals, whence it would seem to have originally strayed. The evidence did not show that the colt was taken out of the plaintiff's possession; and the possession of the defendant, under a claim of

ownership, must be considered a better title than any that was shown by the plaintiff.

For these reasons, the 1st, 2d and 3d instructions asked by the defendant should have been given; and the 1st and 2d instructions asked by the plaintiff, as well as that given by the court of its own motion, were erroneously given, as not being warranted by the evidence in the case.

Judgment reversed. The other judges concur.