THOMAS C. POPE, Appellant, v. JACOB CORDELL, Respondent.

1. *Trespass — Action for, by plaintiff claiming merely by possession, must show a seizure and carrying away.*—In trespass for carrying away from the possession of plaintiff a certain horse, where the evidence showed that plaintiff was not the rightful owner of the animal, but that his claim rested on mere possession, and that the horse voluntarily strayed from him and came into the possession of defendant; that there was no actual taking or seizing or removing from plaintiff's control: *held*, that plaintiff was not entitled to recover.

*Appeal from Third District Court.*

*J. F. Hardin*, for appellant.

*J. S. Phelps*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action in the nature of trespass for taking and carrying away from the possession of the plaintiff certain personal property, one horse and a mule. The defendant answered, denying the taking and denying that the plaintiff was the owner of the property described in the petition. There was a trial by the court, sitting as a jury, and verdict and judgment for the plaintiff for $80, the value of the mule, which judgment the District Court reversed, and the plaintiff appealed. The evidence shows that plaintiff found the horse and mule on the battle-field of Pea Ridge and took them home; that one or both of the animals were branded "U. S.," and that after taking them home he branded them with his own private brand; that he did not post them or attempt to comply with the law concerning strays. The plaintiff did not own the animals, nor did he know who the owner was. Soon after taking them home he was temporarily absent, and when he came back he heard that they were in the possession of the defendant. It further appears that the animals came through a lane in front of the defendant's house and on his farm, and the defendant took up the mule as a stray, and one of his neighbors took the horse. They were running at large and had escaped from plaintiff's possession. The mule was not posted by

the defendant in consequence of there being no officers acting at that time. About two weeks after the defendant took up the mule and his neighbor the horse, a party of Confederate soldiers came along and took away with them both the mule and the horse.

Upon this evidence the defendant asked the court to declare as the law: 1st, that if plaintiff was not the owner of the horse or mule, nor in the rightful possession of either, he could not recover; 2d, that if plaintiff picked up the horse and mule on the battle-field, or took them up as estrays, and had not posted or did not post the same, and said horse and mule were afterward running at large, and came to the premises of the defendant and defendant took them up, and that said property was taken out of the possession of defendant by force and against his will, then plaintiff was not entitled to a verdict against the defendant; 3d, that unless said property was unlawfully taken from the possession of plaintiff, the verdict should be for the defendant. These instructions the court refused, and the defendant excepted.

The possession of personal property, which will authorize an action for its recovery, must be a lawful possession. (Bayless v. Lefaivre, 37 Mo. 119.) It is said that the finder of goods and the prior occupant of land, or possessor of its produce, has a sufficient possession to maintain trespass against any person except the true owner. (2 Saund. 47, *b*, *c*, *d*, and note; Rackham v. Jessup, 3 Wils. 332.)

Though the right of property may, and often does, come in controversy in this action, yet the gist of the action is the injury done to the plaintiff's possession. (2 Greenl. Ev., § 613.)

But to constitute trespass there must be a disturbance of plaintiff's possession, which, in the case of personal property, may be done by an actual taking, a physical seizing or taking hold of the goods, removing them from their owner, or by exercising a control or authority over them inconsistent with their owner's possession. (Holmes v. Doane, 3 Gray, 329; Coffin v. Field, 7 Cush. 355; Codman v. Freeman, 3 Cush. 306; Anderson v. Kincheloe, 30 Mo. 520.)

The case shows that the plaintiff was not rightfully the owner of the animals, but that his claim rested on mere possession. As

against any man who dispossessed him, or tortiously interfered with his possessory right, he would undoubtedly be entitled to his action. His right of action was referable to his possession, and his possession only. But he did not retain or keep the possession. The animals voluntarily strayed from him, and came to the premises of the defendant, where they were taken up. It is not shown that the defendant even had any knowledge that they were previously in plaintiff's possession. There was no actual taking or seizing, or removing from the owner's control. They were only permitted to stay where they had voluntarily come, until they were seized by the Confederate soldiers with a strong hand, and violently carried away from defendant's possession.

Under such circumstances the question is too plain to need argument to show that the plaintiff can not maintain this action against the defendant. The instructions asked should have been given. Wherefore the judgment of the District Court should be affirmed. The other judges concur.