ROLLIN B. GRAY, Respondent, *v.* JACOB PARKER *et als.*, Appellants.

1. *Practice—New Trial—Exceptions.*—Where the hearing of a motion for a new trial is continued by the court, the bill of exceptions may be signed at the term at which the motion is determined. (See *ante* Riddlesbarger et al. v. McDaniel et al., p. 138, P. 1.)
2. *Practice—Action for Delivery of Personal Property.*—In an action for the delivery of personal property, where the defendant pleads only that he did not take the property, the plaintiff's title is admitted ; but it is incumbent on him to prove that the defendant had the goods. Where the plaintiff's title is also denied, he must further show a general or special property in the goods, and the right of an immediate and exclusive possession.
3. *Property—Title—Accession.*—The law makes a distinction in acquiring title to property by accession, between a wilful and an involuntary wrongdoer. As the law does not permit any man to take advantage of his own wrong, the former can never acquire any title, however great the change wrought in the original article may be, while the latter may. But the doctrine of confusion and accession of goods does not apply to a case for the recovery of specific chattels, the identity of which must be shown before they are liable to seizure. If they cannot be identified, an action must be brought for their conversion.

*Appeal from St. Louis Circuit Court.*

This was a suit to recover possession of some trunks and valises. It appeared in evidence that Jacob Parker had cer-

tain notes against Adolphus Parker and one Murphy; that he sold them to plaintiff for a "patent right"; that Parker (of Parker & Murphy) sold to plaintiff certain trunks or valises in satisfaction of said notes; that said trunks and valises afterwards disappeared from the possession of plaintiff, and plaintiff alleged that he found them in the possession of defendants Jacob and Albert Parker, in a store on Fifth street, in St. Louis, from which place they were replevied.

The case was tried before a jury, and there was evidence tending to show that the trunks taken by replevin from Fifth street were the trunks delivered to plaintiff by Parker & Murphy, and also evidence tending to show that at least some of the trunks and valises so taken could not be the trunks and valises delivered as above to plaintiff. The defendants claimed that the pretended transfer of the notes from Jacob Parker to plaintiff, and the pretended sale of the trunks, was all a sham and without consideration. The defendant Albert Parker had no hand in the pretended sale, and claimed a part of the trunks and valises replevied as his own, and offered evidence tending to prove that they were made on Fifth street, at his store.

Defendants then asked the court to give the following instructions, which were given:

1. If the jury believe from the evidence that the trunks and valises taken by the officer from the store on Fifth street are not the same trunks and valises that were delivered to the plaintiff at Murphy & Parker's store on Second street, and afterwards stored on Second or Third street, then the jury will find for the defendants, and assess the value of the trunks and valises so taken by the officer, and will assess as and for damages the interest at six per cent. per annum on the value of said trunks and valises, from the date they were taken by the officer to the present time.

2. If the jury believe from the evidence that a part of the trunks and valises taken by the officer from the store on Fifth street were not the trunks and valises delivered to the

plaintiff at Murphy & Parker's store on Second street, but were manufactured by the defendant Albert Parker at the store on Fifth street, then the jury will find for the defendants as to such trunks and valises, and will assess the value of them at the time of taking by the officer, and will also assess as damages the interest at six per cent. per annum on the value of said trunks and valises, from the time the officer took them to the present time.

The defendants also asked the court to give the following instructions, which the court refused; to which refusal of the court to give the same, the defendants then and there excepted:

4. The burden of proof is upon the plaintiff to satisfy you that the trunks and valises taken by the officer from the store on Fifth street, were the same trunks and valises that were delivered to plaintiff at the store of Murphy & Parker; and that the sale of the notes by Jacob Parker to plaintiff, and the sale of trunks and valises by Murphy & Parker to plaintiff, were in good faith and for a valuable consideration.

5. If the jury believe from the evidence that the transfer of the notes of Murphy & Parker, by Jacob Parker to the plaintiff, was without consideration, and so understood to be by the plaintiff and Jacob Parker at the time, and that the delivery of the trunks by Parker (of the firm of Murphy & Parker) was made to the plaintiff for the benefit of Jacob Parker, and so understood by the plaintiff, then the plaintiff had no valid title to said trunks and valises, and cannot recover in this action.

6. If the patent right spoken of by the witness was of no value, and so understood by the plaintiff and Jacob Parker at the time of said alleged sale of the notes to plaintiff; or if plaintiff has never made to the defendant any valid title to the same; or if it does not appear from the evidence that some other consideration was given by plaintiff for the notes, then the sale of said notes to plaintiff was without consideration and void, and plaintiff cannot recover.

Gray v. Parker et als.

The plaintiff asked the court to give the following instructions, which the court gave; to the giving of which the defendants excepted:

1. If the jury believe from the evidence that the firm of Murphy & Parker made a sale of the trunks and valises, sued for in this case, to the plaintiff, said sale cannot be impeached by the defendants in this suit on the ground of a want or insufficiency of consideration.

2. The return of the sheriff of his execution of the writ of summons and seizure is binding upon both parties to the suit, and no evidence coming from either side can be allowed to contradict or impeach its validity.

3. If the jury believe the plaintiff is owner of the goods sued for, and was entitled to the possession thereof at the commencement of this suit, they must find for the plaintiff.

4. If the jury believe from the evidence that the defendant Jacob Parker wilfully took and carried away from the plaintiff any of the goods belonging to plaintiff and sued for in this action, and afterwards mixed the same with goods of his own on Fifth street, or goods which were in his possession as bailee on Fifth street, so that it was impossible to identify and distinguish the goods so taken away from the plaintiff from the goods with which they were so mixed, then the plaintiff is entitled to recover his own goods so mixed, and to such other goods as it was impossible to distinguish from his own at the time of the seizure, provided the whole amount does not exceed the amount originally taken and carried away from him by said defendant Parker.

*Hill & Jewett,* for appellants.

I. The possession of the property by the defendants was *prima facie* evidence of ownership, and the burden of proof was plainly on the plaintiff to make out his title.

Defendants not being parties to the sale, and having possession, the law presumes in them an honest title, which cannot be defeated without showing an honest and valid title in the claimant.

The first instruction given for the plaintiff goes upon the ground, that a person having the possession of personal property cannot call upon one who claims it to show an honest title to it. A total want of consideration in a sale implies fraud, and vitiates the sale so that it cannot be enforced against one in possession, unless he is the grantor; and then it is doubtful whether a fraudulent sale can be enforced even against a grantor in possession, for the law will not aid fraudulent sales by compelling a delivery.

II. But the fourth instruction given is still more objectionable. There was clear evidence that a part of the trunks and valises replevied were the property of Albert Parker, and had been manufactured in his store, and there was no evidence that would pretend to implicate him in any mixing of the goods.

The doctrine of confusion of goods only applies where the goods claimed are mixed with the goods of the party who wrongfully holds possession of the goods claimed. If I leave goods in the hands of a bailee, who wrongfully mixes them with other goods in his possession, I am not to lose my goods because the bailee wrongfully, but without my fault, mixes them with others so that the owner of the others cannot readily distinguish them from mine. That would be punishing the innocent for the wrong of the guilty.

*Alex. Martin,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

The first point relied on for the appellants, in respect to the action of the court below in continuing the motion for a new trial to the next term, presents essentially the same question which was before us in the case of Riddlesbarger et al. v. McDaniel et al., and for the reasons stated in that case the ruling of the court is approved.

The action here was a proceeding under the statute for the claim and delivery of personal property, and corresponds with the action of replevin at common law. We have dis-

covered no error in the court's refusing appellants' instruc-
tions, as those which had before been given at their request,
in connection with those given for the respondent, sufficient-
ly stated the law, and were all that were really applicable to
the case. Appellants, in their answer, did not plead prop-
erty either in themselves or in a stranger, but contented
themselves with pleading *non cepit*, and traversing the re-
spondent's title to the property. Where *non cepit* is pleaded
in an action of replevin, the plaintiff's title is admitted, but
it is incumbent on him to prove that the defendant had the
goods; but where the issue raises the question of title, it
devolves on the plaintiff to prove that, at the time of the cap-
tion, he had a general or special property in the goods ta-
ken, and the right of immediate and exclusive possession—2
Greenl. Ev. § 561.

But this case must be reversed on account of the fourth
instruction given for the respondent, which tells the jury, in
substance, that if the defendant Jacob Parker wilfully took
and carried away from the plaintiff any of the goods belong-
ing to plaintiff and sued for in this action, and afterwards
mixed the same with goods of his own, or goods which were
in his possession as bailee, so that it was impossible to iden-
tify or distinguish the goods so taken away from the goods
with which they were so mixed, then the plaintiff was enti-
tled to recover his own goods so mixed, and to such other
goods as it was impossible to distinguish from his own at ·
the time of the seizure by the sheriff, provided the whole
amount did not exceed the amount originally taken and car-
ried away by the defendant Parker.

This instruction is inconsistent with the second instruction
given for the appellants, and moreover asserts an erroneous
proposition of law. It is not true, that a bailee, by his tor-
tious admixture of property in his possession, can deprive an
innocent bailor of his right to his goods. It is an entire per-
version of the law on the subject. Were the action brought
by the bailor claiming the goods, there might be some

grounds for applying this rule of law. If property is taken from the rightful owner by a wilful trespasser, and manufactured or converted by him into a different article, nevertheless the title to the property will not be changed, and it will still belong to the owner of the original material if he can identify it. But this is not the law when the chattel is converted by an innocent holder or purchaser into a different species of article.

The law makes a distinction in acquiring title to property by accession between a wilful and an involuntary wrongdoer. As the law will not permit any man to take advantage of his own wrong, so the former never can acquire any title, however great the change wrought in the original article may be, while the latter may — Silsbury v. McCoon, 3 Comst. 378; Hyde v. Cookson, 21 Barb. 92; Martin v. Potter, 5 Mees. & W. 352; Wild v. Holt, 9 Mees. & W. 672; Baker v. Wheeler, 8 Wend. 505; Brown v. Sax, 7 Cow. 95; Rightmyer v. Raymond, 12 Wend. 51. But the doctrine of confusion and accession of goods has really no application to the case. The action is in the nature of replevin for the recovery of specific chattels; their identity must be shown before they are liable to seizure. If they cannot be identified, or they have been concealed, destroyed, or made away with by the wrongdoer, an action must be prosecuted against him for their conversion. The evidence in the case was contradictory as to the identity of a part of the chattels; the jury might well have returned a verdict for the respondent, without the above instruction, but, as we cannot tell what influence it may have had on their minds in determining their finding, the cause must be remanded for another trial.

Reversed and remanded. Judge Holmes concurs; Judge Lovelace absent.