<hr/>

JOSEPH GARTSIDE, Respondent, *v.* RICHARD G. NIXON, Appellant.

1. *Replevin — Evidence — Naked Possession — Title.*—Where plaintiff's title is denied, naked possession is not sufficient to maintain an action for the claim and delivery of personal property. The plaintiff must prove that he had a general or special property in the thing sought to be recovered.

*Appeal from St. Louis Circuit Court.*

*Ewing & Holliday,* for appellant.

I. Plaintiff, in order to maintain an action for the claim and delivery of personal property, must have a general or special

property in the thing sought to be recovered. A bare possession without right, or a tortious possession, is not sufficient. (Gen. Stat. 1865, p. 663, § 1; Wheat. Selw. 1208; Broadwater v. Darne, 10 Mo. 277; Gray v. Parker, 38 Mo. 160; Gibson v. Mozier, 9 Mo. 256; Irwin v. Wells, 1 Mo. 11; Harrison v. McIntosh, 1 Johns. 380.)

*R. S. McDonald*, for respondent.

BAKER, Judge, delivered the opinion of the court.

This is a proceeding under the statute for the claim and delivery of personal property, instituted by the respondent, to recover a horse then in the possession of the appellant. The plaintiff's title to the property is put in issue by the pleadings. At the instance of the plaintiff, the court instructed the jury that "the plaintiff claims and alleges that he and the persons under whom he claims title to the horse have had actual possession of him ever since some time in September, 1865; and if the jury believe the fact to be so, then the plaintiff is entitled to recover the horse, unless the jury believe from the evidence that the horse really and in fact belonged to the defendant." This instruction is erroneous. Where the plaintiff's title is denied, naked possession is not sufficient to maintain an action. It must appear that he had a right to the possession of the property. The plaintiff must prove that he had a general or special property in the horse. (10 Mo. 277; 38 Mo. 160; 9 Mo. 256; 1 Johns. 380.)

The judgment of the Circuit Court is reversed and the cause remanded. The other judges concur.