CRESCENT FURNITURE & LUMBER COMPANY, Respondent, v. OTTO RADDATZ; ADOLPH RADDATZ, Interpleader, Appellant.

St. Louis Court of Appeals, December 6, 1887.

1. JUSTICES OF THE PEACE—PRINCIPAL AND AGENT—PARTIES.—In suits before a justice of the peace the plaintiff may appear by an agent, but the suit can not be prosecuted in the agent's name.

2. ——— AMENDMENTS.—A suit having been commenced in the agent's name, the principal cannot, by amendment, be substituted as the party plaintiff.

3. ——— APPEALS.—The principal having been substituted as the party plaintiff in a suit begun in the agent's name, an appeal to the circuit court by the principal is properly dismissed.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

A. A. PAXSON, for the appellant: The amendment was properly made. Rev. Stat., sects. 2937, 2939; *Ward v. Pine*, 50 Mo. 38. The plaintiff, by proceeding

with the trial on the theory that the amendment was properly made, waived his objections to the error, if any. *Wellman v. Dismukes*, 43 Mo. 101 ; *The State ex rel. v. Shelby*, 75 Mo. 484 ; *Vaughn v. Railroad*, 17 Mo. App. 4, and cases cited ; *Merrill v. St. Louis*, 83 Mo. 244.

O. B. GIVENS, for the respondent.

THOMPSON, J., delivered the opinion of the court.

In this case certain credits were attached by garnishment in a suit instituted before a justice of the peace, and Elizabeth Guth interpleaded and claimed credit as her absolute property, and verified her interplea by her affidavit, as required by section 449, Revised Statutes. After the issue thus made came on for trial before the justice, and several witnesses had testified, the justice allowed the interplea to be amended so as to make it appear that it was prosecuted by Gustav Raddatz. This interplea, as thus amended, recites : "Comes now Elizabeth Guth, as agent of Gustav Raddatz, and interpleads in the above cause and states," etc., that the credit levied upon " was and still is absolutely the property of this claimant, Gustav Raddatz," etc. The justice rendered a judgment against the interpleader ; but against *what* interpleader may be doubtful, because the title of the cause, as given in his transcript, is "Crescent Lumber & Furniture Company, a corporation, *versus* Otto Raddatz, def't. ; Elizabeth Guth, interpleader." Thereafter, an affidavit for appeal was made in a cause substantially entitled as above, except the interpleader was recited as " Gustav Raddatz, by Elizabeth Guth, agent, interpleader." This affidavit recites that, on a day named, "came Elizabeth Guth, agent of Gustav Raddatz, who, being duly sworn, upon her oath says that the application for an appeal in the above-entitled cause is not made for vexation or delay, but because she believes the applicant (interpleader) is injured by the judgment of the justice." The appeal

bond begins with the recital, "we, the undersigned, Gustav Raddatz, by Elizabeth Guth, as principal, and Henry Weigel as security, acknowledge ourselves indebted," etc. It then recites that "Gustav Raddatz, by Elizabeth Guth, as agent, has appealed from the judgment," etc., and is conditioned that "*he* shall satisfy such judgment, or if *his* appeal shall be dismissed, and *he* shall pay the judgment of the justice," etc.; and then the bond is signed and sealed by Elizabeth Guth, without any other addition, and is not signed or sealed by Gustav Raddatz.

In this state of the case the circuit court dismissed the appeal, on the ground, as is stated in the written arguments of counsel, that the interplea was made by Elizabeth Guth and that the appeal was taken by Gustav Raddatz. Whether this is a sound conclusion must depend upon the view which is to be taken of the very informal and incongruous proceedings above recited. The statute allowing interpleas in attachment suits reads as follows: "Any person claiming property, money, effects, or credits attached, may interplead in the cause, verifying the same by affidavit, and issues may be made upon such interplea, and shall be tried as like issues between plaintiff and defendant, and without any unnecessary delay." Rev. Stat., sect. 449. We are not prepared to say that, under this statute, the interplea would have to be verified by the affidavit of the claimant himself. We incline to think that it would be good if verified by some other person, competent as a witness, who claims to know the facts. This would seem to be a reasonable conclusion; since, otherwise, claimants residing at a distance, obliged to act by agents or attorneys, might not be able to file such an interplea in time to protect their rights. Nor are we prepared to say that, where there has been a succession of interest between the original interpleader and some one else, it is not competent for a justice of the peace, in such a case, to allow an amendment substituting the party who is the successor in interest.

In this case the date of the *jurat* to the original interplea is the same as that to the amended interplea, namely, the seventeenth day of December, 1885. The trial, at which the amendment to the interplea was permitted by the justice, took place on the eighth day of January, 1886; and it appears, from the transcript of the justice, that the amendment was made upon the original interplea by interlineation of the words, "as agent of Gustav Raddatz," in the commencement of the interplea, and also after her signature thereto, and by changing the statement of the original interplea from the statement that the credits were the absolute property of the then claimant, Elizabeth Guth, to the statement that they were, and still are, the absolute property of this claimant, Gustav Raddatz.

No doubt any person who could prosecute an action of replevin for property seized under an attachment, or an action in the nature of trover or trespass, can interplead for the property under section 449, Revised Statutes. In this state civil actions must be prosecuted in the name of the real party in interest, with certain statutory exceptions. Rev. Stat., sects. 3462, 3463. These exceptions do not extend so far as to allow a person to prosecute an action in his own name as the agent of some other person. No such thing is known to our remedial system, or to any other remedial system with which we are acquainted. A trustee of an express trust may, under section 3463, sue in his own name; but then the legal title, and where possession is in controversy, the right of possession, if any, is in him, and not in the beneficiaries in the trust. We are, therefore, of opinion that the amendment which was allowed by the justice, by which it was attempted to substitute Gustav Raddatz as the interpleader, and to allow Elizabeth Guth to carry on the controversy in the court for him, as his agent, was void. A person can prosecute or defend in our courts either in person or by attorney, and in justices' courts he can do it by an agent who is not an attorney. Rev. Stat., sects. 2905, 2908, 2911. But

where, in justices' courts, he prosecutes by agent, the proceeding must run in the name of the principal, just as in a court of record. The statute merely enables an agent, who is not an attorney, to conduct for his principal a proceeding just as he would do it if he were an attorney. The issue, then, which was tried before the justice was the issue joined upon the denial of the original interplea of Elizabeth Guth. Whatever the justice may have intended, the judgment which was appealed from was, in the intendment of law, the justice's judgment upon that issue. The appeal was not taken by Elizabeth Guth, who was the interpleader before the justice, but was taken by Gustav Raddatz, who had not been made a party to the proceeding before the justice by the attempted amendment, and who, therefore, could not appeal from the judgment any more than any other stranger. We recognize the importance of treating proceedings before justices of the peace with great liberality, and of overlooking informalities therein ; but to sanction such irregularities as appear in this case would confuse the fundamental principles relating to parties to actions to an extent to which we are not prepared to go.

We hold that the circuit court rightly dismissed the appeal, and the judgment is affirmed, with the concurrence of all the judges.