SAMUEL SCOTT, Respondent, v. HENRY C. RILEY, Appellant.

St. Louis Court of Appeals, April 5, 1892.

1. **Replevin:** BURDEN OF PROOF. *Held, arguendo,* that if the plaintiff's title is denied in an action of replevin; naked possession is not sufficient to sustain his right of action, but he must prove property, general or special, in the article replevied.

2. **Witness, Competency:** DEATH OF ONE PARTY. When one party to a suit claims title to personalty in controversy under the distributees. of a decedent, and the other party claims title to the property under a gift *causa mortis* from the decedent, the latter party is not a competent witness to establish the gift.

*Appeal from the New Madrid Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*Lubke & Muench* and *R. B. Oliver*, for appellant.

*W. W. Corbett*, for respondent.

ROMBAUER, P. J.—The questions of law arising in this case cannot be well stated without an introductory recital of the following uncontroverted facts appearing from the record, and bearing upon the present controversy.

One, Belle Allen, a single woman, was the owner of a watch and chain. She died, and, after her death, this property was found in the possession of the plaintiff, and he was arrested on the. charge of having acquired it feloniously, but, upon the trial, was acquitted of any felonious intent. In the meantime the plaintiff had placed the property as security with one Drulinger, and the defendant, who is an attorney-at-law, brought an action of replevin against Drulinger on behalf of Mary Jane Allen, the mother of Belle Allen, presumably on the theory that she, as mother, was entitled to this property as distributee, and, in such action, recovered the watch and chain. The plaintiff, thereupon, instituted this present action of replevin against Mary J. Allen and the defendant Riley; but, upon its trial, dismissed it against Mary Jane Allen, and recovered judgment for possession of the property against the defendant alone. The defendant

appeals, and assigns for error, among other things, that the court admitted illegal evidence against him.

The plaintiff claims the property as a gift *causa mortis* from Belle Allen, who was his fiancee, and he was permitted upon the trial, against the objections of the defendant, to prove by his own evidence the contract of gift under which he claimed. The defendant excepted to this ruling and preserved his exceptions by motion for new trial, and this constitutes the above assignment of error.

Possession is *prima facie* evidence of ownership. Where, therefore, the plaintiff shows a lawful prior possession, and that the defendant has taken the property out of such possession, he may, upon such showing, maintain an action of replevin against anyone who can show no better title. *Bayless v. Lafaivre*, 37 Mo. 119, 123. But, where the plaintiff's title is denied, naked possession is not sufficient to maintain this action, but the plaintiff must prove property, general or special, in the article. *Gartside v. Nixon*, 43 Mo. 138; *Gray v. Parker*, 38 Mo. 160. As this action was instituted before a justice of the peace, the defendant's appearance put in issue the plaintiff's title, and it was incumbent upon him to show more than a mere antecedent, naked possession. This the plaintiff endeavored to do by tracing his title to the property by a gift *causa mortis* made to him by Belle Allen, the unquestioned prior owner. He was an incompetent witness for that purpose.

The statute provides that, when "one of the original parties to a contract or cause of action in issue and on trial is dead, * * * the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, and no party to such suit or proceeding, whose right of action or defense is

derived to him from one who is, or if living would be, subject to the foregoing disqualification, shall be admitted to testify in his own favor." R. S. 1889, sec. 8918. The supreme court, in construing this statutory provision, held that the disability thus imposed is coextensive with every occasion where such contract or cause of action is sought to be asserted upon the trial (*Chapman v. Dougherty*, 87 Mo. 617), regardless of the fact whether the witness testifying is a party to the record or not, provided he testifies in his own favor. *Meier v. Theiman*, 90 Mo. 433. Here the plaintiff was a party to the record, and a party in interest, and his testimony was offered to prove the terms of a contract between himself and a decedent, under whom the adverse party to the record rightfully or wrongfully claimed as a distributee.

The entire subject of "*donationes mortis causa*" was imported from the civil law. According to the provisions of Justinian's code, it required the testimony of five witnesses to establish such a gift. All cases discussing the subject concur that it must be established by clear evidence. *Ward v. Turner*, 1 White & Tudor's Lead. Cas. 934, note 2. It is true that in the chancery and ecclesiastical courts, wherein litigation touching this subject was had almost exclusively, the donee was a competent witness in his own behalf simply because he was not excluded as such by any rule of court (*McGonnell v. Murray*, 3 L. R. Eq. 465); yet even then corroborative evidence was generally required. But it does not follow from this that, even regardless of any statutory prohibition, he would be a competent witness at common law in his own behalf where he was either a party to the record or a party in interest. The general rule of the common law excluding parties thus situated from testifying would clearly apply to him. This question has incidentally been decided by the

supreme court, since the briefs in this case were filed, in an opinion delivered March 12, 1892, in *Dunn v. Bank*, which went up from the St. Louis circuit. In that case the donee was offered as a witness in his own behalf to establish the gift of a certificate of deposit against the public administrator. The trial court ruled the witness incompetent for the purpose, and the supreme court affirmed the ruling.

It is evident from the foregoing that the plaintiff was an incompetent witness to prove the contract under which he claims title, and that his testimony should have been excluded. As his own testimony is all that he offered, the judgment must be reversed, and it is unnecessary to notice other errors complained of, as they cannot occur on a retrial of the cause.

Judgment reversed and cause remanded. All the judges concur.