C. C. DRAPER, Respondent, v. H. V. FARRIS, Appellant.

St. Louis Court of Appeals, February 13, 1894.

1. **Justices' Courts:** DEFECTIVE AFFIDAVIT ON APPEAL. The failure of an affidavit for appeal from a justice's court to state whether the appeal is taken from a judgment on the merits, or an order taxing costs, is not a jurisdictional defect.

2. **Parties Plaintiff:** ACTION BY AGENT IN HIS OWN NAME. An agent cannot sue as the trustee of an express trust, unless he holds the legal title to the matter in suit, or he sues upon a contract made in his own name.

3. **Replevin:** EFFECT OF ACTS OF POSSESSION AS EVIDENCE OF TITLE. Acts of possession with respect to property in controversy in an action of replevin will not avail the plaintiff as evidence of title, when his own evidence shows that the title is in another person.

*Appeal from the Laclede Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED.

*J. W. Farris* and *J. T. Moore* for appellant.

No brief filed for respondent.

ROMBAUER, P. J.—This is an action of replevin, instituted before a justice of the peace, to recover a fruit evaporator. The plaintiff in his affidavit stated that the value of the article was $145. The property

was not delivered to the plaintiff, because (as appeared upon the trial) it could not be found. There was judgment for the defendant before the justice. The plaintiff took an appeal, but did not state in his affidavit whether the appeal was taken from the merits or from an order or judgment taxing costs, as required by section 6330 of the Revised Statutes of 1889. No advantage of this defeat was taken, however, in the circuit court. The cause was tried by the circuit court without a jury, and the plaintiff recovered judgment for possession of the property. The judgment entry is in this form: "It is, therefore, considered and adjudged by the court that the plaintiff have and recover of and from the defendant the possession of the property described in the affidavit for replevin, or in default to *pay defendant* the assessed amount thereof, to-wit, the said sum of $145 together with his costs herein, and that execution issue therefor." No instructions were asked or given. The defendant appeals, and assigns for error that the judgment is not supported by the evidence.

A preliminary question arises on the defendant's motion filed in this court to dismiss the case, because, owing to the insufficiency of the affidavit, the circuit court never required any jurisdiction of the appeal, and hence this court has none. It would seem that the Kansas City court of appeals, in *Whitehead v. Cole & Rodgers*, 49 Mo. App. 428, did decide that such a defect in the affidavit was jurisdictional, and could be taken advantage of for the first time in the court of appeals. The fact that the same court in the subsequent case of *Welsh v. Railroad*, 55 Mo. App. 599, receded from that position, relieves us from demonstrating its fallacy. Since, under the statute, the circuit court has power to cause the entire omission of an affidavit to be supplied in that court, it would seem to follow that it has jurisdiction of the cause when the appeal is taken on a

defective affidavit.   The analogies of all recent decis-
ions recognize such to be the law.

Proceeding to the consideration of the merits,
regardless of the apparently unintelligible judgment
entry (due evidently to the misprision of the clerk), we
find the facts as disclosed by the plaintiff's own evi-
dence to be as follows:   The fruit evaporator in
question was sold to the firm of Hinneman, Draper &
Co., about seven years preceding the trial by the
Climax Company.   The firm of Hinneman, Draper &
Co. consisted of the plaintiff's wife, one Hinneman and
one Howard.   That firm refused to accept the evapor-
ator, and never paid anything on account of it to the
Climax Company.   As far as the plaintiff's evidence
shows title in any one, it is in the Climax Company.
An attempt was made to show that the plaintiff in this
proceeding acted on behalf of the Climax Company,
but, even if there were substantial evidence of that fact,
it would not avail the plaintiff, because an agent in
this state can not sue as trustee of an express trust,
unless he holds the legal title, or the contract which he
seeks to enforce is made in his own name.   Revised
Statutes, 1889, section 1991; *Crescent Furniture Co. v.
Raddatz,* 28 Mo. App. 210; *Snider v. Adams Express
Co.,* 77 Mo. 523.

It also appeared by the plaintiff's evidence that,
after the dissolution of the firm of Hinneman, Draper
& Co., the evaporator in question was left on the
premises of one Mrs. Greenlief, and that Mrs. Green-
lief sold and delivered it to the defendant.   It does not
appear that Mrs. Greenlief ever had any title to this
evaporator, and there was some evidence that, while it
was on her premises, the plaintiff exercised some acts
of possession over it.   But these acts of possession can
not avail the plaintiff in an action of replevin, where
his own evidence discloses title in another.   That has

been the law of this state ever since *Broadwater v. Darne*, 10 Mo. 277. See, also, *Gray v. Parker*, 38 Mo. 160; *Gartside v. Nixon*, 43 Mo. 138; *Wright v. Richmond*, 21 Mo. App. 76. As this action was instituted before a justice of the peace, where no formal pleadings are required, the defendant was not bound to deny the plaintiff's title by answer. When it appeared by the plaintiff's own evidence on the trial in the circuit court that the title in the property was in another and that he had at best only the naked possession, the showing defeated his right of recovery *in this form of action.*

It results from these considerations that the judgment must be reversed. So ordered. All concur.