MARIAN C. STONE, Respondent, v. EDWARD S. McNEALY, Appellant.

### Kansas City Court of Appeals, November 19, 1894.

1. **Replevin:** POSSESSION: TITLE. Possession is *prima facie* evidence of title, good against everybody but one owning the property. Where title is denied, naked possession is not sufficient.

2. ——: ——: ——. Where prior possession is lawful, it is sufficient to support the allegation of being "lawfully entitled to the possession" against a wrongdoer or one showing no better title. It is not ownership and will not support replevin when the title is shown to be in another.

3. ————: JUSTICES' COURTS: APPEARANCE. The defendant's appearance in replevin in a justice's court puts in issue the plaintiff's title and he must show more than a mere antecedent, naked possession.

*Appeal from the Sullivan Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

*Childers Bros.* and *John P. Butler* for appellant.

The court erred in declaring the law in the second instruction given for the plaintiff. The first instruction for the defendant, placing the burden of proof upon the plaintiff, properly declared the law. *Andrews v. Costigan*, 30 Mo. App. 29; *Baker v. Campbell*, 32 Mo. App. 529; *Scott v. Riley*, 49 Mo. App. 251. In an action of replevin where the title is put in issue, the burden of proof is upon the plaintiff to show his ownership, and as well, also, his right to the immediate and exclusive possession of the property in controversy. *Garside v. Nixon*, 43 Mo. 138; *Morgner v. Biggs*, 46 Mo. 65; *McMahill v. Walker*, 22 Mo. App. 172, 173; *Phillips v. Schall*, 21 Mo. App. 38; 20 Am. and Eng. Encyclopedia of Law, pp. 1050, 1055; Wells on Replevin, secs. 112, 168; 2 Greenleaf's Evidence, sec. 51. The second instruction given for the plaintiff was in direct conflict with this first instruction given for the defendant, improperly declared the law, and evidently misled the jury.

*J. M. Swallow* and *A. W. Mullins* for respondent.

The plaintiff's second instruction is correct. "Possession of personal property is *prima facie* proof of ownership, and is presumptive evidence that the possession is rightful," and this is the doctrine announced in that

instruction. It is as applicable in a replevin case, like this, as in any other kind of case. Cobbey on Replevin, sec. 1017, pp. 573, 574; Wells on Replevin, sec. 109, pp. 66, 67; *Morris v. Danielson*, 3 Hill (N. Y.) 168; *Updyke v. Wheeler*, 37 Mo. App. 680; *Baker v. Campbell*, 32 Mo. App. 529.

SMITH, P. J.—This is an action of replevin commenced before a justice of the peace to recover the possession of a steer. At the trial in the circuit court, where the plaintiff had judgment, from which the defendant has appealed, the plaintiff, to maintain the issue, introduced evidence tending to establish title in himself to the steer in controversy and from whence acquired. He also introduced further evidence tending to show that he had dehorned said steer when a calf six months old.

The defendant also introduced evidence tending to establish title to the steer in himself and from whence acquired. He introduced further evidence tending to show that he had dehorned said steer when two years old. The defendant testified that he bought the steer of his brother and that he was put with other steers on McKinister's pasture which adjoins that of plaintiff, and that he missed the steer and afterwards found him in plaintiff's pasture freshly branded.

The defendant took the steer out of plaintiff's pasture and while he was in the former's possession the latter caused him to be taken from him under the writ in this action. Each party claimed the right to the immediate possession of the steer as owner thereof. The title of the steer was distinctly put in issue and the possession was necessarily made to depend upon the result of the finding by the jury on that issue, under the evidence and instructions. The defendant by his appeal objects that the circuit court erred in instructing

the jury for plaintiff to the effect that, if they found "from the evidence that the plaintiff was in the actual peaceable possession of the steer in question, claiming said steer as his own, then the law presumes that the plaintiff was the owner of said steer and rightfully entitled to the possession thereof."

The first instruction for the plaintiff and the second of defendant's series, given by the court, which made the case turn upon whether the jury believed from the evidence that the plaintiff or defendant was the owner of the steer and thereby entitled to the possession, were proper under the issue to be determined. But we are unable to perceive the applicability or appropriateness of the instruction given for plaintiff, which we have already quoted, in a case where the issue is as here. Possession is *prima facie* evidence of title, good against everybody but one proving property; that is, against anyone but the right owner. When the plaintiff's title is denied, naked possession is not sufficient to maintain an action. It must appear that he had a right to the possession of the property. He must prove that he had a general or special property in the chattel in dispute. *Gartside v. Nixon*, 43 Mo. 138; *Scott v. Riley*, 49 Mo. App. 252; *Gray v. Parker*, 38 Mo. 160.

When the prior possession of the plaintiff is a lawful one, proof that the property had been taken out of his possession would be sufficient to support the allegation that he was lawfully entitled to the possession. Such possession would be *prima facie* evidence of ownership as against a wrongdoer or one showing no better title. *Bayless v. Lefavrie*, 37 Mo. 119; *Scott v. Riley*, 49 Mo. App. 252. Possession, while *prima facie* evidence of ownership against a wrongdoer, is not in fact ownership. It is not ownership and will not support replevin when the title is shown to be in another. *Baker v. Campbell*, 32 Mo. App. 530; *Wright*

*v. Richmond*, 21 Mo. App. 75; *McNahill v. Walker*, 22 Mo. App. 170; *Broadwater v. Darna*, 10 Mo. 285. It is settled by the ruling in these cases that, to maintain replevin one must have a right to the possession coupled with a general or special property.

This principle is illustrated by the case of *Armory v. Delamirie*, reported 11 Strange, 505, where a chimney sweeper's boy having found a jewel, carried it to a goldsmith to ascertain its value, but the goldsmith detained it and refused to restore it. The boy having brought trover it was held that his possession was some evidence of property good against anyone but the true owner and that he could maintain trover for it on such *prima facie* proof of title. As this action was commenced before a justice of the peace, the defendant's appearance put in issue the plaintiff's title and it was incumbent upon him to show more than a mere antecedent naked possession (*Scott v. Riley, supra*); and this, as has been previously stated, the plaintiff endeavored to do.

If the evidence of the plaintiff did not prove that he had title, then his possession at the time of the caption was only a naked one. He endeavored to couple proof of title with his possession in order to sustain the pivotal issue in the case. The instruction in question, therefore, which authorized a finding for the plaintiff by the jury if they believed that plaintiff was in the actual possession of the steer claiming him as his own, was out of place under the issue. According to the rule declared in this instruction the jury were authorized to find for the plaintiff if they believed that the plaintiff was in the possession of the steer claiming him as his own, even though they believed he had no title thereto and that the defendant had such title. It seems to us that it was erroneous in a case like this, misleading and wholly inconsistent with the other in-

structions which announced correct legal principles as applicable to the evidence under the issue. It results from what has been already said that the judgment can not stand, and, therefore, it will subserve no useful purpose for us to notice the other points presented in the briefs of counsel.

The judgment must be reversed and the cause remanded. All concur.