DAVID ROSENTRETER, Appellant, v. BENJAMIN F. BRADY, Respondent.

St. Louis Court of Appeals, November 12, 1895.

1. **Replevin**: RIGHT OF ACTION BY BAILEE OF CONSTABLE. An action of replevin can only be maintained by one who has the general title to, or a special interest in, the property claimed; and the bailee of a constable who has levied on the property has no such title or interest.

2. ———: JUDGMENT FOR VALUE OF PROPERTY: PLEADING. When the plaintiff in an action of replevin receives the property in controversy under an order of delivery, but judgment is rendered against him on demurrer to his petition, such judgment should give the successful defendant the right, at his election, to take the assessed value of the property. The statutory provision, that this right of election should exist when the defendant claims the property and demands its return by answer, does not operate as a denial of the right when the defendant recovers judgment without filing any answer.

3. ———: INSTRUCTIONS: DISREGARD OF EXPERT EVIDENCE. An instruction in such an action, which declares to the jury that, in assessing the value of the property, they are not bound by the estimate of any witness or witnesses, is misleading and incorrect.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Lubke & Muench* for appellants.

*Boogher & Taylor* for respondents.

BIGGS, J.—This is an action by David Rosentreter to recover the possession of a lot of dry goods. The property was taken from the defendant in the city of St. Louis, and delivered to Rosentreter. It was ruled by the circuit court, on demurrer, that the plaintiff's amended statement failed to state a cause of action.

Upon refusal of plaintiff to plead further, an inquiry was had to determine the value of the property and the damages for taking and detaining it. The matter was heard before a jury. Evidence was introduced by both parties bearing on the question at issue, and, under the instructions of the court, the jury found the value of the goods at the date of the trial to be $1,250 and the damages $250. The statutory judgment was entered on the verdict against the plaintiff and his bondsmen. After unsuccessfully moving for a new trial, they have appealed to this court.

Omitting the formal parts, the amended complaint reads: "Comes now the above named plaintiff, David Rosentreter, and for amended petition avers that at the time of the institution of this suit he was, and now is, entitled to the possession of the following described personal property as bailee of the constables hereinafter named, who had seized said property under writs of attachment against S. Gasen, to wit: Fourteen boxes and one package and the contents thereof, consisting of clothing, shoes, jewelry, and underwear, said boxes and package having been marked 'S. Wagehalter, St. Louis, Mo.,' and being the same carried by the Pacific Express Company from Litchfield, Illinois, to the city of St. Louis, Missouri, on December 23, 1892, and being also the same property received by plaintiff alone from William McCann and B. B. Cassedy, constables of the city of Litchfield, Illinois, on said twenty-third day of December, 1892, and also the same property delivered by the sheriff in this cause to the plaintiff alone on the twenty-fourth day of December, 1892; and that said property is of the actual value of $750." Then followed other formal averments, which need not be set out.

One of the grounds of demurrer is want of capacity in plaintiff to sue. Under the averments of the

amended complaint it affirmatively appears that, at the date of the institution of the suit, the plaintiff had no property interest whatever in the goods. The allegation is that he once held the goods as the agent or receiptor of two constables in the state of Illinois, who had levied upon the property under attachment process. How he lost the possession does not appear, and in the discussion of this ground of demurrer it is needless to inquire. At best, he at one time held the goods as the servant of the officers, with no property interest either general or special in the goods. The special property was in the constable, and the general property was in the defendant in the attachments. There is no third species of property. *Dillenback v. Jerome*, 7 Cow. 294; *Barker v. Miller*, 6 Johns. 196; *Warren v. Leland*, 9 Mass. 254; *Whittier v. Smith*, 11 Mass. 211; *Waterman v. Robinson*, 5 Mass. 303; *Commonwealth v. Morse*, 14 Mass. 217; *Ludden v. Leavitt*, 9 Mass. 104. The same doctrine has been substantially declared in this state in the case of *Hambleton v. Lynch*, 32 Mo. 259. In that case the slave in controversy had been seized by a constable under an execution against a third person. After the seizure the slave was claimed by Hambleton. Thereupon the plaintiff in the execution gave an indemnification bond. Thereafter the constable delivered the slave to Lynch for safe keeping. In a suit by Hambleton against Lynch for the possession of the slave, it was held by the supreme court that the possession of Lynch was the possession of the constable *only*, and that, as the suit could not be maintained against the constable, it would not lie against Lynch.

Upon principle the rule as stated in the cases cited must be correct. It is universally held that a sheriff or constable may place attached property in the hands of a disinterested person for safe keeping. This

he could not do, if the possession of the receiptor could be treated as an independent possession, or if by reason of it he became vested with an interest; for to maintain the levy the possession of the officer must be exclusive and continuous. Now, it has been the law of this state, since the decision in the case of *Broadwater v. Darne*, 10 Mo. 277, that, to maintain replevin, the plaintiff must show that he has either a general or special interest in the property, and that he is entitled to the exclusive and immediate possession thereof. See, also, *Gray v. Parker*, 38 Mo. 160; *Gartside v. Nixon*, 43 Mo. 138; *Wright v. Richmond*, 21 Mo. App. 76; *Draper v. Farris*, 56 Mo. App. 417. In the Farris case it was held that the plaintiff could not recover in replevin, when his evidence showed that the title to the property was in a third person; hence, upon the same principle, the plaintiff's petition would be subject to demurrer where it affirmatively showed that fact. This conclusion is unavoidable.

There is nothing in the case of *Springfield Grocer Company v. Shackelford*, 56 Mo. App. 642, contrary to this. The point of decision there was that, in the absence of any affirmative evidence of title, the fact that the plaintiff was in the possession of the goods at the time of their seizure under the writ of attachment was some evidence of title in it. Here it is not averred that Brady took the goods from the plaintiff, but it does inferentially appear that he took them from the Pacific Express Company. We, therefore, conclude that, under the allegations in the petition the plaintiff had no right to sue, and that the judgment of the circuit court on the demurrer must be affirmed. Whether the liens of the attachment were lost by the mere removal of the property to this state, we need not decide.

The judgment of the circuit court was against the plaintiff and his sureties for the return of the property,

or its assessed value. The correctness of the judgment is challenged by motion in arrest. The point of attack is that there was no answer, and that, in the absence of an answer making claim to the property and demanding its return, such a judgment could not be rendered. R. S., sec. 7489. In 1860 the legislature amended the section by adding the words "and the defendant in his answer claim the same and demands a return thereof." Just why a defendant should be required to do this, in order to entitle him to a summary judgment against the plaintiff and his sureties for a return of the property or its assessed value, is not quite clear. Whatever the reason may have been is a matter of no moment, however, for it is our duty to interpret and apply the statute in a reasonable way. The meaning of the statute is that, where the defendant admits the taking of the property, but denies the right of the plaintiff to its possession, in order to entitle him to a judgment for its return, or at his option a judgment for its assessed value, he must in his answer make claim of title to the property and demand its return; for to entitle him to such a judgment he must show affirmatively that he had the full title, or that the plaintiff was a stranger to the title. For this reason, in all probability, the legislature amended the law requiring a defendant to present these issues by his answer. A construction which takes from the defendant the right to such a judgment, where the plaintiff has a defective petition, or where he sees proper to take a nonsuit before an opportunity is given to file an answer, is unreasonable and, we think, unwarranted. In the demurrer in this case the defendant did claim the property, and asked for its return. This was all that he could do in order to preserve his rights under the statute; certainly he was not compelled to go to trial on a fatally defective petition.

In the amended complaint the value of the property was stated to be $750. The demurrer did not admit this as a fact. It only admitted facts which were well pleaded, and then only for the purpose of determining the legal questions raised. *McKinzie v. Mathews*, 59 Mo. 99.

The point, that the value of the property as assessed by the jury was excessive, is not well taken. In the original complaint the plaintiff fixed the value at $1,200. That statement was evidence against him as an admission, and was given in evidence by defendant. The defendant in the attachments, who was the original owner of the goods, estimated their value as high as $1,500. This brings the finding within the evidence, and precludes us from interfering.

Lastly, the plaintiff complains of the following instruction given at the instance of the defendant, viz.: "The court instructs the jury that they may form their estimate of the present value of the goods mentioned in plaintiff's petition, and of the damages suffered by defendant, after weighing all of the evidence bearing on that part of the case, *and that they are not bound by the estimate of any witness or witnesses.*" The instruction was complete without the last clause, and the addition of that made it both misleading and incorrect. All of plaintiff's evidence as to the value of the goods was based on estimates of witnesses who inspected them, and professed to have personal knowledge of their market value. Under the instruction the jury had the right to disregard all such testimony, which it in all probability did, as the amount of the finding indicates that the jury were governed by the sworn statement of plaintiff in the abandoned pleading as to the value of the goods, which, although evidence under the decisions in this state, is evidence of the weakest character. It is only in a limited way that courts

have the right to give cautionary instructions in respect of the opinions of witnesses. If the jury deem the opinion of any witness unreasonable, they may disregard it; but they are bound to weigh the testimony of all the witnesses in solving a conflict, except in cases of willful false swearing. For this error the judgment on the inquiry of damages must be reversed.

In view of a retrial we deem it proper to call attention to the recent decision of this court, wherein it was held that, if the defeated party having the property in his possession has disposed of it so that it could not be had at the trial, the value should be assessed at the date of the seizure, and not at the date of the trial. *Willison v. Smith,* 60 Mo. App. 469.

With the concurrence of the other judges, the judgment of the circuit court assessing the damages and determining the value of the property is reversed, and the cause remanded for a new inquiry of damages. It is so ordered.