ARCH CAMPBELL, Respondent, v. CHARLES BROWN et al., Appellants.

**Springfield Court of Appeals, July 7, 1910.**

1. REPLEVIN: Possession Sufficient to Support Action: Burden of Proof. Possession is sufficient proof of title upon which to maintain the action of replevin against a wrong-doer; that is against one who may have dispossessed the plaintiff, or who may have tortiously interfered with his possessory right; but if the defendant has come into possession of the property without having in any way trespassed upon plaintiff's right of possession, then defendant's possession is as strong evidence of his title as plaintiff's prior possession is of plaintiff's title, and as the burden of proof is upon the plaintiff, he must fail.

2. ———: ———: Squatter's Right to Sand Bank. Plaintiff was a squatter on an island in the Mississippi River, which island was not claimed by the Government or by any county or State, and he had part of said island under cultivation. Plaintiff had no other right or title, except that of possession. Defendant went upon the island and took therefrom, over plaintiff's protest, a barge load of sand from along the bank. In a replevin suit for the sand it was held that plaintiff's possession was confined to the outer line of the land actually cultivated and did not extend to the sand bar along the bank, and therefore he was not entitled to recover.

3. REAL PROPERTY: Title by Possession. When a party has no color of title and must depend upon naked possession alone as proof of his title, the extent of his possession will be confined to the land over which he is exercising actual control. If the land is under fence, the fence will define the line of his possession; if it is cultivated, the line of cultivation will define the limit of his possession, and in no case can the possession be said to extend beyond the line of plaintiff's actual physical occupancy.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*Ward & Collins* for appellants.

(1) Whenever a part of the realty is severed by a trespasser, it becomes personal property and belongs to the owner of the land on which it stood; but to maintain an action of replevin therefor, the plaintiff must have in himself the right of property, general or special, coupled with the right of immediate possession, and if his title is denied the onus is upon him to prove it. Baker v. Campbell, 32 Mo. App. 529; Andrews v. Costican, 30 Mo. App. 33; Westbay v. Milligan, 89 Mo. App. 294; Gray v. Parker, 38 Mo. 160; Scott v. Riley, 49 Mo. App. 253; Morgan v. Viggs, 46 Mo. 65. (2) Where plaintiff's title is denied mere naked possession will not support an action of replevin without general or special property in the plaintiff. Garstside v. Nixon, 43 Mo. 139; McMahill v. Walker, 22 Mo. App. 170; Benedict Mfg. Co. v. Jones, 60 Mo. App. 221; Broadwater v. Darne, 10 Mo. 177; Wright v. Richmond, 21 Mo. App. 78. (3) The above rule however is deflected by the following rule: "In the absence of all evidence as to title in either party, possession of the property by one of them affords a prima-facie presumption of title in him, which may be overcome and disappears when evidence on that issue supervenes." Simmons v. Beaubine, 38 Mo. 307. (4) In an action of replevin, the plaintiff must recover upon the strength of his own title and not upon the weakness of the defendants. Kennedy v. Dodson, 44 Mo. App. 553; Moore v. Car, 65 Mo. App. 69; Maryville Bank v. Snyder, 85 Mo. App. 82. (5) A case wherein the property replevied is a part of severed realty title to the real estate must be inquired into. Kelley v. Vandiver, 75 Mo. 435. (6) And plaintiff's suit may be defeated by showing the title to the property to be in a third party and not in plaintiff. Young v. Glascock, 79 Mo. 574; Gottschalk v. Klinger, 32 Mo. App. 415. (7) Possession without color of title, although adverse, does not extend the holding beyond the

limits of the land actually in possession.  Pharis v. Jones, 122 Mo. 125; Wilson v. Purl, 148 Mo. 449; City v. Garmon, 27 Mo. 593.

*Jere S. Gossom* and *Rice A. Pierce* for respondent.

(1)  The law is elementary that "actual possession is a good title against any one who does not show a better title."  Weeks v. Etter, 81 Mo. 375; Springfield Grocer Co. v. Shackelford, 56 Mo. App. 642; Pallen v. Bogy, 78 Mo. App. 87; Frear v. Maguire, 70 Mo. App. 588; Hickey v. Hazard, 3 Mo. App. 486.

COX, J.—This is a suit in replevin instituted before a justice of the peace by respondent to recover from appellants one barge load of sand.  By the judgment of the justice the plaintiff was awarded possession of the property, together with costs and defendants appealed.  The cause was tried in the circuit court, *de novo,* August, 1907, by the court, sitting as a jury, where respondent again obtained judgment and defendants have appealed to this court.

The sand in controversy was taken from a sand bar along the bank of an island of which plaintiff claimed possession.  The island from which the sand was taken is situated in the middle, or near the middle of the Mississippi river between Missouri and Tennessee.  It is known as the Wolverine Island and contains from two to three hundred acres of land.  The island formed there several years ago and was not included in any U. S. Government survey, and, therefore, was not claimed by the government, or by any county or State.  The only title that could be acquired to the land on the island was such as that claimed by Mr. Campbell, to-wit, the title of occupancy.

The evidence shows that the respondent had cleared and put in cultivation about seventy-five or eighty acres

146 App.—21

of said land, and had built two houses and a barn thereon; that he had raised three crops on the land, and had fenced off pasture for his stock which he had on the island. The evidence further shows that he was in possession of this part of the island at the time the sand in question was taken by the appellants from the island, and that he protested against the sand being removed until he was paid for the same. The evidence further showed that the sand was taken from a sand bar along the bank of the island some thirty feet from the top of the bank and about two or three hundred yards from that part of the island cultivated by respondent, there being a growth of willows and cottonwood between the cultivated land and the sand bank. The evidence further showed that plaintiff had cultivated land immediately over the place from which this sand was taken in the year 1906, but that this land had caved in and washed away, and the sand bank from which this sand was taken formed since.

Will these facts support the judgment? It is apparent that plaintiff has no title to any part of the island, but his entire right rests upon possession alone. Plaintiff contends that the sand taken by defendants was, at the time, in his possession and that the act of defendants in taking it was tortious, and that, therefore, his prior possession will support this action.

There is some apparent conflict in the early decisions in this State upon the question of when naked possession will support an action of replevin. It has been held that the proof of prior possession alone is not sufficient to support the action in a case in which plaintiff's title is denied, and in that state of the issues plaintiff must prove a general or special interest in the property and the right of immediate possession. [Bayless v. La Faivre, 37 Mo. 119; Gray v. Baker, 38 Mo. 160; Gartside v. Nixon, 43 Mo. 138; Wright v. Richmond, 21 Mo. App. 76.]

And further that in actions begun before a justice of the peace where no formal pleadings are required, the appearance of defendants and their resistance to the right of plaintiff to recover puts in issue the plaintiff's title and places upon him the burden of showing more than a mere antecedent, naked possession. [Scott v. Riley, 49 Mo. App. 251; Stone v. McNeely, 59 Mo. App. 396.]

While in another line of cases the position is taken that prior possession is sufficient to support an action in replevin against any one who cannot show a better title. [Summers v. Anderson, 36 Mo. 307; Smith v. Lydick, 42 Mo. 209; Weeks v. Etter, 81 Mo. 375.]

A close examination of these cases, however, will disclose that there is no real conflict, but that what was said in each case was correct as applied to the facts of that particular case. The correct rule to be deduced from all the cases is that prior possession is sufficient proof of title upon which to maintain the action of replevin against a wrongdoer. That is, against one who may have dispossessed him or who may have tortiously interfered with his possessory right; but if the defendant has come into possession of the property without having in any way, trespassed upon plaintiff's right of possession, then defendants' possession is as strong evidence of their title as plaintiff's prior possession is of plaintiff's title and as the burden of proof is upon the plaintiff he must fail, but if defendants have tortiously taken possession from plaintiff he cannot profit by his own wrong, and, in that case, will not be permitted to assert a possession thus wrongfully acquired as a defense to plaintiff's claim under a prior, peaceable possession.

In this case the evidence discloses that plaintiff asserted ownership at the time defendants were loading the sand and forbade them taking it without first paying plaintiff therefor. Defendants refused to recognize plaintiff's claim and proceeded to take the sand against

his protest. This made defendants' taking of the sand tortious as against plaintiff and if plaintiff was at that time in the actual possession of the sand then the judgment is for the right party and should be upheld.

This brings us to the crucial point in this case. Was the plaintiff in possession of the sand and did defendants deprive him of that possession? The evidence of plaintiff shows that he had no paper title to the land; that he was a squatter and his only claim was that of possession alone. He had fenced a portion of this land and a part of that which he had fenced and cultivated had caved into the river and been washed away. He cultivated some seventy-five or eighty acres of this land, but had no fence around the land which he cultivated. The evidence on the part of plaintiff shows that in the year just prior to the time this sand was taken by defendants the land on the island was intact over the place from which the sand was taken and that he had cultivated the land that year and that this land had caved in and been washed away and that the sand which defendants took had washed in and during this year 1907 plaintiff was not cultivating at this point, and the evidence indicates that he could not because it was a sand bank, and the point at which defendants took the sand was near the water's edge and some distance from the edge of the land which plaintiff was then cultivating.

These facts present the question as to whether or not the plaintiff by reason of the fact that he was cultivating land upon the bank adjoining the place from which this sand was taken could be said to be in possession of the sand itself. It is upon this proposition that plaintiff's claim must rest. We understand the rule to be that when a party has no color of title and must depend upon naked possession alone as proof of his title that the extent of his possession will be confined to the land over which he is exercising actual control. If the land is under fence the fence will define

the line of his possession. If it is cultivated the line of cultivation will define the limit of his possession, and in no case can the possession be said to extend beyond the line of plaintiff's actual physical occupancy. [Pharis v. Jones, 122 Mo. 125, 131, 26 S. W. 1032; Wilson v. Purl, 148 Mo. 449, 458, 50 S. W. 90.]

Our conclusion is that in this case the plaintiff's possession was confined to the outer lines of the land actually cultivated and did not extend, as he now contends, to the water's edge. Had defendants gone upon the island and sought to remove timber, soil or sand from a place clearly upon the island but without the boundary of plaintiff's cultivated land, it is clear that plaintiff could not interfere with them, or prevent their doing so. Had they gone to the land near the pasture and undertook to remove material from the land outside of the pasture fence it is clear that plaintiff could not interfere, and on plaintiff's own testimony the sand taken by defendants was at the time located outside the line of his actual cultivation, and, for that reason, our conclusion is that plaintiff was not in possession of this sand, and, therefore, had no right to interfere with defendants or prevent them from taking the same. The judgment will be reversed. All concur.