## ARCH CAMPBELL, Respondent, v. CHAS. BROWN et al., Appellants.

**St. Louis Court of Appeals. Argued and Submitted October 3, 1911. Opinion Filed November 7, 1911.**

1. **REPLEVIN: Plaintiff's Possession of Sand Bar: Sufficiency of Evidence.** In an action to replevy a barge load of sand taken from an island occupied by plaintiff, evidence *held* sufficient to justify a finding that plaintiff was in such actual possession of the sand bar from which the sand was taken as entitled him to recover the sand from defendant, who was a mere trespasser.

2. **APPELLATE PRACTICE: Conclusiveness of Findings of Facts.** Findings of fact by the trial court which are supported by competent evidence are conclusive, on appeal.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Ward & Collins* for appellants.

*Jere S. Gossom* and *Rice A. Pierce* for respondent.

REYNOLDS, P. J.—This is an action commenced before a justice of the peace, under the statute relating to claim and delivery of personal property, to-wit, a barge load of sand. From a judgment in favor of plaintiff, defendants appealed to the circuit court, where on a trial anew before the court, a jury being waived, plaintiff again recovered and defendants appealed to this court. The cause was transferred by us to the Springfield Court of Appeals, under the provisions of section 3939, R. S. 1909, and the judgment of the circuit court reversed. The cause was transferred back to us in consequence of the holding of the

Supreme Court, that the Act of the General Assembly (Acts 1909, p. 336, Sec. 3939, supra) was unconstitutional and that all judgments rendered by the Springfield Court of Appeals in causes so transferred were void.

The statement of facts and opinion of the Springfield Court in the case, are reported under this same title in 146 Mo. App. 319, 130 S. W. 50. We add to the statement of facts as there made these: There was evidence tending to show that plaintiff had cultivated the part of the island now occupied by the sand bar or flat, from which the same was taken by defendants, for about three years; that a year before the sand was taken, the upper layer or field, then under cultivation by plaintiff was washed away and the sand left or deposited where the cultivated land had been; that he had sold sand off of this island before this taking, selling a load to these defendants, and which there was evidence tending to prove defendants had at the time promised to pay him for but had afterwards refused; that when the load of sand in controversy was being taken by defendants, plaintiff was there and demanded pay for it; that defendants, the sand then being loaded in a barge, refused to pay him, saying they would pay whoever was entitled to pay or whoever owned the sand.

We think, on a careful reading of the transcript, that there was evidence from which the learned circuit judge, as trier of fact, and with the witnesses before him, had a right to find that plaintiff was in such actual possession of this sand bar or flat, as entitled him to claim the sand against mere trespassers, such as defendants. His possession was such a *pedis possessio* as the sand bar was susceptible.

Without at all challenging the principles of law so well stated by Judge Cox, we are compelled to differ with him as to their application to the facts in the case. To do so, would compel us to throw aside the

conclusion on the evidence arrived at by the learned trial judge. As we hold there is competent evidence to sustain that conclusion, we cannot overturn it.

The judgment of the circuit court of Pemiscot county is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.