NOBLE *v.* EPPERLY.

In replevin, the plea of *non detinet*, under the R. S. 1843, put in issue, not only the detention of the goods, but also the property of the plaintiff therein.

In replevin, the plea of property in the defendant imposes upon the plaintiff the burden of proving property in himself.

The plaintiff in replevin, to maintain his action, must prove a right to the immediate possession of the goods. Proof of a joint ownership with the defendant, therefore, as a partner, or the like, is not sufficient.

*Monday,
June* 11.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—Replevin, under the old practice, against *Epperly* and *Kane*, for a number of kegs of lard. Pleas, *non detinet*, and property in the defendants. Replication to the second plea, reaffirming the allegation in the declaration of property in the plaintiff, and denying property in the defendants.

The issues were submitted for decision to a jury. Verdict for the defendants. A new trial was denied.

The evidence in the case tended to show that the lard belonged to *Noble;* that it belonged to *Noble* and *Kane;* and that it belonged to *Noble, Kane* and *Epperly.* Assume the hypothesis that it belonged to the one or the other of the three parties named, and portions of the evidence would support it. In regard to which of them the hypothesis was best supported, in point of fact, was for the jury to determine. In such a state of the case, it is manifest the only questions that can arise for the consideration of this Court must be upon the instructions and rulings of the Court below.

The plaintiff asked the Court to say to the jury, that—

" 1. If *Noble* and *Kane* entered into an agreement by which *Noble* was to furnish the capital stock and materials for steaming lard from hogs' heads and the offals, and *Kane* was to give his personal attention and labor in the business; and further, if, by said agreement, *Noble* was first to have the amount of his advances paid, and then expenses, transportation, &c.; and after these were paid, the profits of the business were to be divided between them; no partnership existed in anything but the profits, and *Kane* had no right to hold the lard from *Noble*, after a demand made.

" 2. If by the agreement between *Noble* and *Kane*, *Kane* had only a community of interest in the profits, and not in the capital stock, no partnership existed between them, and *Kane* had no right," &c.

3. The third instruction is but a reassertion of the same principle already stated in instructions 1 and 2.

" 4. The plea of *non detinet* admits the property in *Noble*, and simply denies the detainer.

" 5. The plea of property in the defendants must be substantially proved as pleaded, and these being the only pleas, if the detention has been proved, and the defendants have not proved the property in themselves as pleaded, the jury should find for the plaintiff."

The Court refused these instructions in a body, but gave, in its general charge, the substance of the first three, and hence, as to them, no opinion is required from us.

The fourth instruction asked did not express the law; for, by the R. S. 1843, s. 178, p. 701, it was enacted that the plea of *non detinet*, in replevin, should put in issue, not only the detention of the goods, but also the property of the plaintiff in them.

The fifth instruction asked was wholly wrong. The plea of property in the defendants, and not in the plaintiff, put in issue the property of the plaintiff, and threw upon him the burden of proving it; and it was immaterial in whom the property was shown to be, so that it was not in him. 2 Greenl. Ev., p. 466.—*Simcoke* v. *Frederick*, 1 Ind. R. 54.

And, we may remark, the plaintiff in replevin must prove such a right in himself as will entitle him to the immediate possession of the property replevied, or his action must fail. Hence, proving him to be a joint owner with the defendant simply, as, for example, in the character of a partner, would not be sufficient; for one partner could not, simply upon the strength of that relation, recover the possession of the joint property from his co-partner.

The case seems to have been fairly submitted to the jury, the evidence tends to sustain the verdict that was rendered, and we can not say the Court below erred in refusing a new trial.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Rariden, J. Perry, J. S. Newman* and *J. P. Siddall,* for the appellant.

*O. P. Morton, C. H. Test* and *M. Wilson,* for the appellees.