[S. F. No. 930.   Department Two.—April 12, 1899.]

A. B. BUTLER and WILLIAM FORSYTH, Copartners under Name and Style of Raisin Growers' Packing Association, Appellants, v. ESTRELLA RAISIN VINEYARD COMPANY et al., Respondents.

CLAIM AND DELIVERY—ACTION AGAINST CORPORATION AND SUPERINTENDENT—VERDICT FOR "DEFENDANT."—In an action of claim and delivery against a corporation and its superintendent and manager, where the questions at issue were whether the plaintiffs were the owners and entitled to the possession of certain raisin trays, and no affirmative relief was sought by the defendants, a verdict for the "defendant" is not so uncertain and informal that it cannot form a basis for a judgment that plaintiffs take nothing, and that the defendants named recover from the plaintiffs their costs.

ID.—EVIDENCE—PURCHASE OF RAISIN TRAYS—BOOKS OF LUMBER COMPANY. The trade books of a lumber company from which the trays in controversy were purchased, containing entries showing that

the trays were charged to the plaintiffs, who had advanced money on the raisin crop of the defendants, which required additional trays to handle, and that the trays were shipped to the defendants, are consistent with a sale to the defendants, to be paid for out of the proceeds of defendants' crop of raisins when sold by the plaintiffs, and are not admissible to show title to the trays in the plaintiffs.

ID.—INSTRUCTIONS OF MANAGER AS TO ENTRIES—HEARSAY.—The testimony of the witness by whom the entries were made that he made them by direction of the shipping clerk, and in accordance with instructions from the manager of the lumber company, is hearsay and inadmissible. The manager, who made the sale, should be called to testify to the facts of the transaction; and the court should then instruct the jury whether these facts constituted a sale to the one party or the other.

ID.—REFUSAL OF INSTRUCTIONS—BURDEN OF PROOF.—Instructions requested by the plaintiffs which were covered by other instructions given at their request, were not improperly refused; and a requested instruction placing upon the defendants the burden of proving by a preponderance of evidence that the trays were purchased by them, was properly refused.

ID.—NEW TRIAL—NEWLY· DISCOVERED EVIDENCE—TESTIMONY OF MANAGER OF LUMBER COMPANY.—The proposed testimony of the manager of the lumber company that furnished the trays, as to the purchase thereof by the plaintiffs, which it appears must have been known to the plaintiffs at the former trial, is not newly-discovered evidence; and where the manager was not subpoenaed nor even notified that his presence was desired at the trial, no diligence is shown to procure his testimony; and a new trial upon the ground of such proposed testimony is properly refused.

ID.—NOTICE OF CLAIM OF DEFENDANTS.—The answer of the defendants denying the title of plaintiffs to the trays in controversy, and pleading that the corporation defendant purchased the trays at a time specified, is notice of the defendant's claim, of which the plaintiffs cannot urge ignorance, as an excuse for not procuring the evidence of the manager of the lumber company.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. E. W. Risley, Judge.

The facts are stated in the opinion.

L. L. Cory, for Appellants.

H. H. Welsh, and George E. Church, for Respondents.

HAYNES, C.—Action in claim and delivery to recover possession of fourteen thousand nine hundred and seventy-nine

raisin trays, or their value, alleged to be fifteen hundred dollars. A jury trial was had and a verdict returned for defendants, and the plaintiffs appealed from the judgment entered thereon and from an order denying their motion for a new trial.

The business of the plaintiffs is indicated by the name or style of the copartnership. The Estrella Raisin Vineyard Company is a corporation engaged in the cultivation of raisin grapes, and defendant Taft is its superintendent and manager. In 1894, the plaintiffs advanced money to the vineyard company on its crop, to be reimbursed out of the proceeds when sold by the plaintiffs. The vineyard company had ten thousand trays, and it was estimated that it would require fifteen thousand more to handle the crop. The claim on the part of the defendants was, in effect, that they applied to the Sanger Lumber Company for the purchase of the material for fifteen thousand trays; that a price was agreed upon, but the lumber company refused to sell unless defendants would give security for the purchase price, payable December 1st; that plaintiffs consented to stand as sureties for the payment of the material, and the lumber company shipped the material to defendants, at the vineyard, where they manufactured the trays.

Plaintiffs claimed that they purchased the trays from the lumber company; that they were to be used by the vineyard company, but to remain the property of the plaintiffs until paid for out of the proceeds of the crop. Appellants rely, for reversal, upon four points, which will be considered in their order.

1. That the verdict was uncertain and informal, and could not form a basis for the judgment.

There were two defendants, the vineyard company and G. W. Taft. The verdict was: "We, the jury, find for the defendant." The questions at issue were whether the plaintiffs were the owners and entitled to the possession of the trays. No affirmative relief was sought by the defendants. The judgment was that plaintiffs take nothing and that said defendants (naming them) recover from the plaintiffs their costs.

The precise question here made was decided, adversely to appellants' contention, in *Willard v. Archer*, 63 Cal. 33. (See, also,

*Daft v. Drew,* 40 Ill. App. 266; *Alexandria etc. Co. v. Painter,* 1 Ind. App. 587; *Fries v. Mack,* 33 Ohio St. 52.)

2. It is contended that the court erred in refusing to allow the plaintiffs to introduce in evidence the trade books of the Sanger Lumber Company, showing the account of the sale of the trays.

The entries offered in evidence show that the trays were charged to the plaintiffs and shipped to the defendants. The witness by whom the entries were made testified that he made the entries by direction of the shipping clerk and in accordance with instructions from Mr. Smith, the manager of the lumber company.

These entries were properly excluded. Upon their face they showed only that the trays had been shipped to one party and charged to another. This, upon its face, was consistent with a sale to defendants to be paid for by plaintiffs out of the proceeds of defendants' crop of raisins. The witness who made the entries had no knowledge of the facts. True, he was instructed by the manager to keep the account in that way. But why? He could not be permitted to testify that the manager said he sold the trays to plaintiffs. That would be hearsay; and, if so, any inference that might be drawn from the instruction to keep the account in a particular way must also be inadmissible. Smith, the manager who made the sale, would be competent to testify to the facts of the transaction, and the court could then instruct the jury whether those facts constituted a sale to the one party or the other. Our conclusion upon this point is directly sustained by the case of *Watrous v. Cunningham,* 65 Cal. 410. In Greenleaf on Evidence it is said books of account are admissible when the nature of the subject is such as not to render better evidence attainable. In *Kerns v. McKean,* 76 Cal. 89, it was said: "The offer of the book was an attempt to establish a negative, favorable to the cause of the plaintiff, by affirmative declarations of a third person, when it appears such third person was within the jurisdiction and actually present at the trial."

3. It is claimed the court erred in refusing to give certain instructions requested on behalf of the plaintiffs.

Three of these instructions were refused. All that was ma-

terial in the fourteenth and sixteenth was covered by the second and third instruction given at plaintiffs' request.   The fifteenth was properly refused, because it placed upon the defendants the burden of proving by a preponderance of evidence that the trays were purchased by them.

4. It is further contended by appellants that the court erred in not granting their motion for a new trial "on the ground of newly-discovered evidence."

The witness by whom the alleged newly-discovered evidence could be given is Mr. Smith, the manager of the lumber company that furnished the trays, and by whom the sale was made, as shown by the testimony of the plaintiffs.   If, as they testified, they purchased the trays from Mr. Smith as the manager of the lumber company, they certainly knew that he had personal knowledge of the transaction.   The real question presented, however, is somewhat different.   Mr. Smith was not subpoenaed as a witness, nor even notified that his presence at the trial was desired.   At the conclusion of the defendants' evidence plaintiffs informed the court that they desired to secure the testimony of Mr. Smith, who was then in San Francisco, but was expected to return that night, and asked a continuance until the next day, and that request was granted.   He did not return, and the trial proceeded.   Upon the hearing of the motion for a new trial the affidavit of Mr. Smith was read, together with an affidavit made by one of the plaintiffs to the effect that plaintiffs knew of their own knowledge that the purchase had been made of the trays from the lumber company through Smith, as its general manager, but that until the opening of defendants' case plaintiffs were "unadvised as to what contention defendants would make as to their title or right to the possession of the trays, or what their evidence would be."

The answer of defendants was full notice of their claim.   It denied that plaintiffs were or ever had been the owners of the trays; and for a separate defense alleged that the vineyard company "bought the trays" in September, 1894.   It was not newly-discovered evidence, nor was any diligence shown to procure it.   It is not necessary to comment upon the contents of the affidavit of Mr. Smith, nor upon the counter-affidavits filed by defendants as to contradictory statements made by the pro-

posed witness. Even if the court had not considered those affidavits, its refusal to grant a new trial upon the ground last considered was right.

I advise that the judgment and order appealed from be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., Temple, J., McFarland, J.