[No. 3271. Decided December 28, 1901.]

CHAS. H. DODD & Co., *Appellant*, v. WILLIAMS-SMITH-SON Co., *Respondent*.

CLAIM AND DELIVERY — GROUNDS — WRONGFUL DETENTION — NON SUIT.

In an action of claim and delivery, in which the right of possession of certain personal property is in issue, the ownership being admittedly in plaintiff, plaintiff should be non suited where the only evidence introduced by it showed possession in defendant, that the property had been consigned to defendant to sell on

commission, and the value of same, and there was nothing show-- ing wrongful detention.

### SAME — BURDEN OF PROOF.

In an action of claim and delivery the burden of proof is upon plaintiff to show a wrongful taking or detention of the property, where defendant denies the allegations of wrong, and such burden is not shifted to defendant by reason of special defenses being interposed as well as the general denial, since defendant is not called upon to offer proofs of special defenses until plaintiff has made a *prima facie* case.

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge. Affirmed.

*Mires & Warner,* for appellant.

*Kauffman & Frost,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant sought by this action to recover from the respondent the possession of certain personal property. In the complaint it alleged that it was on a date named therein the owner of the property; that the respondent had on that date wrongfully and without its consent taken the property from its possession, and had since wrongfully detained the same; that it had, prior to the commencement of the action, demanded of respondent the possession of the property, which demand was refused; and that the property was of a certain value. The respondent, answering, admitted the ownership of the appellant, and that it was in possession of the property, but denied that it came into the possession wrongfully, or that it wrongfully detained the property, or that the appellant had ever demanded the possession of the property from it. For a further and separate answer, it alleged that it was, as a part of its business, engaged in conducting a warehouse in which goods were

received in store for hire, that it had received the chattels
mentioned for storage from the appellant, that its lawful
charges for such storage had never been paid, and that it
had a lien on the chattels for the amount of such charges.
The reply was a general denial of the affirmative matter
alleged in the answer.  On the trial the appellant intro-
duced evidence tending to show the value of the prop-
erty, that. the respondent had it. in its possession, that
the property had been consigned to the respondent to sell
on commission, and rested its case.  The respondent there-
upon moved that the appellant be nonsuited, which motion .
the court granted, and thereafter entered a judgment of
dismissal.  This appeal is from that judgment.

Counsel for the appellant argue that the respondent,
by admitting the appellant's title to the property and
pleading a special interest in itself therein took upon
itself the burden of proving its possession of the prop-
erty to be rightful, and hence the proofs made a *prima
facie* case, on which it was entitled to judgment in the ab-
sence of a contrary showing.  This reasoning, it seems to
us, overlooks the purpose and nature of an action of claim
and delivery under the Code.  The primary purpose of
such an action is to recover personal property in specie;
it is to enable the plaintiff to obtain possession of prop-
erty wrongfully detained from him by the defendant at
the time of the commencement of the action.  It origi-
nates in wrong, and can be maintained only upon allega-
tions and proofs of wrong.  As the title to personal prop-
erty may be in one person, and the right of possession in
another, the question of the right of possession is always
an issue, while the question of title may or may not be.
It is necessary, therefore, for a plaintiff, in order to state
a cause of action for claim and delivery to plead right of

possession in himself of the property sought to be recovered. As he must plead it, so he must prove it, when his right is denied. This he may do in one or more of several ways, but it is not done by showing a mere legal title to the property. There must be some additional showing, such as a wrongful taking, or, if the taking was rightful, some subsequent act showing that the detention is wrongful, as a demand for and refusal to deliver the property. Under our practice a defendant does not waive these proofs by pleading a special interest in the property. Under the Code he may rely upon all of his defenses. When, therefore, he denies the plaintiff's allegations of wrong, and pleads special defenses, he may rely upon his denials as well as his special defenses. By pleading the latter he does not waive the former, and until the plaintiff has made a *prima facie* case he is not called upon to offer proofs of his special defenses. It is evident that the appellant's proof fell far short of showing any wrong on the part of the respondent. Taken with the admission in the answer, it showed title to the property in the appellant, the value of the property, and that the property had come rightfully in possession of the respondent, but it went no further. It showed no wrongful taking or wrongful detention on the part of the respondent.

The judgment is affirmed.

Reavis, C. J., and Dunbar, Anders and Mount, JJ., concur.