[No. 8815.   Department Two.   June 23, 1910.]

J. M. MOORE, *Appellant*, v. HERBERT MARSH *et al.*,
*Respondents.*[1]

REPLEVIN—PLEADING—OWNERSHIP—BURDEN OF PROOF.   In replevin
an affirmative answer of ownership in the defendant is nothing more
than a denial of plaintiff's allegation of ownership, and the burden
of proof is upon the plaintiff to show title in himself or right to
possession.

APPEAL—REVIEW—GRANT OF NEW TRIAL—DISCRETION.   The grant-
ing of a new trial for error in instructions, although no exceptions
were taken to the instructions, is so far discretionary with the
trial court that it will not be reversed on appeal, if the instructions
were erroneous.

Appeal from an order of the superior court for Kitsap
county, Yakey, J., entered December 16, 1909, granting de-
fendants a new trial, after a verdict by a jury in favor of the
plaintiff, in an action of replevin.   Affirmed.

*John S. Jurey*, for appellant.
*William C. Keith*, for respondents.

DUNBAR, J.—This is an action for replevin for a team of
horses, wagon, and harness.   The complaint alleged owner-
ship and right to possession in the plaintiff, value etc.,
wrongful detention by the defendants, and refusal to sur-
render on demand.   The answer admitted the possession of
the property by defendants, and their refusal to surrender,
but set up affirmatively ownership and right to possession
in the defendants.   The case was tried before the court and
a jury, resulting in a verdict for the plaintiff.   Defendants
moved for a new trial, which motion was granted.   The ap-
peal is from the order granting a new trial.

In granting a new trial, the court stated that the same

[1]Reported in 109 Pac. 606.

was granted upon the ground that the court erred in instructing the jury that the burden was upon the defendants to prove by a fair preponderance of the evidence their affirmative defense contained in their answer, and it is insisted by the appellant that, under the rulings of this court in *Armstrong v. Musser Lumber & Mfg. Co.*, 43 Wash. 584, 86 Pac. 944, the order granting a new trial must stand or fall alone upon the ground mentioned by the court. We may concede this contention, but it has also been held by this court that the first instruction, which the court corrected by granting an order for new trial, was erroneous. In *Johnston v. Mc-Cart*, 24 Wash. 19, 63 Pac. 1121, in discussing this proposition, it was said:

"Under a general denial, the defendants would have been permitted to have shown that they had fully paid for the instrument in question, and the plea of payment here neither abridged nor enlarged their right of proof in that regard, nor placed the plaintiff in any different position from that in which a general denial would have placed him. The onus is upon the plaintiff to prove title in himself, and this was the real issue in the case. The plea of payment was, in effect, a plea of property in the defendants. Under such a plea, the burden is upon the plaintiff to show his title."

In this case the plea was a plea of property in the defendants, and it was rightly said in that case such a plea neither abridged nor enlarged their right of proof in that regard. When the plaintiff alleges that he is the owner of the property, and the defendant affirmatively alleges that he is the owner of the property, it plainly amounts to nothing more than a denial of the allegations of the complaint, and the burden of proof cannot be on both plaintiff and defendant. It leaves the case under the operations of the general rule, that the burden is upon the plaintiff to sustain the allegations of his complaint. This proposition is treated by Cobbey on Replevin (2d ed.), in § 1005, where it is said:

"In replevin, where the defendant pleads property in himself, the burden of proof is upon the plaintiff to show title to

the property or his right to possession, and the defendant has a right under this plea to show by what means he came into possession of the property and his title thereto. Under a claim of title in the defendant the *onus* is on the plaintiff to establish his title and right to possession of the property."

Many cases are cited to sustain this announcement, and the further announcement that "a plea of property in a defendant or in a stranger casts the burden upon the plaintiff of having by a preponderance of evidence property in himself."

But it is insisted by the appellant that this instruction was not excepted to and that, under the rule announced in *Hawkins v. Casey*, 38 Wash. 625, 80 Pac. 792, the error cannot be considered by this court. It is true that in that case, as in others, we have said that, in the absence of an exception to instructions, objections of this character urged for the first time in this court cannot be considered. But that does not apply to the case at bar, where the objection here was urged before the lower court, brought to the attention of the lower court by the motion for a new trial, and passed upon by that court. Motions for new trial are largely in the discretion of the trial court and, while strictly speaking there is no discretion involved in granting a new trial upon a legal proposition, yet it is the duty of the court to see that the cause is submitted to the jury upon proper instructions; and under such circumstances the appellate court would be doing violence to right to reverse such action on the part of the trial court where, by reason of such action, the ends of justice are subserved, even though a strict construction would not warrant the action of the court. But in this instance, both technical law and justice demanded the order made by the court.

The judgment is affirmed.

RUDKIN, C. J., CROW, MOUNT, and PARKER, JJ., concur.