10097

OSTEEN v. LOWRY.

(97 S. E. 244.)

REPLEVIN — CLAIM AND DELIVERY — AFFIDAVIT — ALLEGING EVIDENCE OF
OWNERSHIP—STATUTE.—Plaintiff, in action of claim and delivery, by
Code Civ. Proc. 1912, sec. 258, subd. 1, was not bound in affidavit to
set out evidence of title. His first allegation that his ownership
rested on a mortgage, and his amended allegation that it rested on
a different mortgage, were both surplusage; and plaintiff could prove
ownership by any testimony evidencing it.

Before GARY, J., Sumter, Spring term, 1918.   Reversed.

Action by J. B. Osteen against Henry Lowry, resulting in
judgment for plaintiff, defendant appealing to the Circuit
Court, which set aside the judgment and dismissed the pro-
ceeding without prejudice, and plaintiff appeals.   Order
reversed, with direction to enter judgment affirming that of
the trial Court.

*Mr. Mark Reynolds.* for appellant, cites: *As to sufficiency
of affidavit in claim and delivery proceedings:* Code of Pro-
cedure, sec. 80, subd. 17; 34 Cyc., p. 1432 (c); 34 Cyc.
1431; 84 S. C., pp. 93, 94.   *As to allowance of amendment:*
48 S. C. 565; 105 S. C. 317; 70 S. C. 547; 50 S. C. 397;
103 S. C. 215; 81 S. C. 574; 62 S. C. 113; Code of Proced-
ure, sec. 194.   *Where the testimony makes before the jury
a sharp and unmixed issue involving the credibility of wit-
nesses, their verdict is not to be disturbed:* 103 S. C. 96.
*Any amendment may be allowed before trial:* 53 S. C. 341;
58 S. C. 468; 50 S. C. 398; 101 S. C. 86; 82 S. C. 500; 70
S. C. 574; 82 S. C. 242.

*Messrs. Wood & Duffie,* for respondent, cite: *As to
amendment in magistrate's Court:* 34 Cyc. 1444; 31 Cyc.
115; 64 S. C. 491; 57 S. C. 256; 50 S. C. 397; 32 S. C. 142;
21 S. C. 226.

November 5, 1918.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

The appeal makes a single issue necessary to decide the case.

The issue is this: By section 258, subdivision 1, of the Code of Procedure, was the plaintiff bound to state in the affidavit the evidence of his ownership of the personal property which he sought to recover the possession of?

The statute (*supra*) only directs that the affidavit, *inter alia*, shall set out "(1) that the plaintiff is the owner, or entitled to immediate possession, of the property claimed, particularly describing the same." There is no direction that the plaintiff shall state why he is the owner of the property; that is to say, what is the evidence of his ownership.

In the instant case the plaintiff first alleged in the affidavit that his ownership rested on a certain mortgage. The plaintiff then moved at the trial to amend the affidavit by stating that his ownership rested on another and different mortgage. The amendment was allowed by the magistrate, and on trial of the issues the plaintiff had a verdict. The Circuit Court on appeal reversed the judgment because the amendment alleged a "new and different ground for the claim of right to possession."

The error of the respondent consists in the view that the mortgage first alleged constituted the plaintiff's "cause of action;" and the allowance of the plea and proof of another and different mortgage was the allowance of a new and different cause of action. But the mortgage was not the plaintiff's cause of action; that consisted in the defendant's refusal to deliver to the plaintiff property of which the plaintiff was the owner. The plaintiff was not required by the statute to set out the evidence of his title. The first allegation and the amended allegation were both surplusage, and at the trial the plaintiff had the right to prove his ownership by whatever testimony may have evidenced it.

The order below is reversed, with direction to enter a judgment affirming that of the magistrate.