NORMAN A. SMITH *vs.* HARRY E. JEOJAY.

Cumberland.    Opinion August 25, 1925.

*In replevin a plea of non cepit, with brief statement alleging title to the property in defendant, and not in plaintiff, throws upon the plaintiff the burden of proof that the title is in him.*

The damages provided for in R. S., Chap. 101, Sec. 11, entitles the defendant, as one of the elements of damages, to recover for the interruption of possession, the loss of the use of the goods from the time of their replevin until their restoration.

On motion for a new trial by plaintiff.   An action of replevin of a horse.   Defendant pleaded non cepit and under a brief statement alleged that the property was his and not the plaintiff's.   The jury returned a verdict for the defendant and assessed damages in the sum of two hundred thirty-three dollars and thirty-three cents and the plaintiff filed a general motion for a new trial on the grounds that the

verdict was unwarranted on the evidence, and that the damages were excessive. Defendant to remit all his verdict in excess of one hundred dollars then motion is overruled, otherwise new trial granted.

The case fully appears in the opinion.

*Clifford E. McGlauflin,* for plaintiff.

*Harry E. Nixon,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

PHILBROOK, J. This is a replevin action brought to recover a certain chattel described in the declaration as "one big bay horse, known as the E. M. Woods horse, belonging to Norman A. Smith," who is the plaintiff in the case. The declaration states that the defendant, on the sixth day of February, A. D. 1925, unlawfully and without any justifiable cause, took the beast and unlawfully detained it.

Plaintiff's exhibit one, admitted without objection, shows that on March 20th, 1924, the defendant gave the plaintiff a Holmes note, of the face value of one hundred sixty-nine dollars, "the same being for one brown horse known as the Percy Welman horse which I have this day bought of said Smith; said property is to remain the property of said Smith until said sum and interest are paid."

Below the signature to the note is added "As further security for the above note I hereby sell to said Smith one big bay horse known as the E. M. Woods horse." This addendum specifying the horse in controversy, is also signed by the defendant but it will be noted that nothing is said as to the title of the Woods horse being in Smith until the note should be paid. The established rule of law relating to restoration of collateral security upon payment of an obligation for which it was given and taken, must therefore govern.

The defendant pleaded non cepit and by way of brief statement said; "That the said horse in said declaration mentioned at said time when, etc., was the property of the defendant, and not of the plaintiff, as by said declaration is supposed, and this he, the said defendant, is ready to verify." Under these pleadings the burden was upon the plaintiff to prove property in himself. *McLeod* v. *Johnson,* 96 Maine, 271. In the absence of any exceptions it is to be presumed that the jury was correctly instructed upon this branch of

the case. The defendant claimed full payment of the note. This the plaintiff denied. The testimony on this point was confined to that given by the parties. The plaintiff, in argument claimed that the defendant's statements could not be relied upon; that they contained absurd and unreasonable propositions and suggestions. But the jury, who saw and heard the parties evidently believed the defendant and found a verdict for him.

This finding of fact we do not feel justified in disturbing.

Damages for the defendant were assessed in the sum of two hundred and thirty-three dollars and thirty-three cents. R. S., Chap. 101, Sec. 11, provides that if it appears that the defendant is entitled to a return of the goods he shall have judgment and a writ of return accordingly, with damages for the taking and costs. This court has held in *Washington Ice Co.* v. *Webster*, 62 Maine, 341, that when the defendant makes a good title to the goods replevied, he is entitled to damages for the interruption of his possession, the loss of the use of the goods from the time of their replevin till their restoration, and for their deterioration; and that in case of the replevin of a horse the defendant would be entitled to the value of its use or for what its services in use would be worth. In this case the horse was taken from the defendant on February 10, 1925. The trial of the case began April 23, 1925. Less than seventy-five days had elapsed between the taking and the rendition of verdict. From all the elements of the case, including this element of loss by detention we are satisfied that the jury verdict on the question of damages was clearly wrong.

If the defendant remits all his verdict for damages in excess of one hundred dollars then motion is overruled, otherwise new trial granted.

*So ordered.*