12483

JACKSON v. FRIER

(144 S. E.; 66)

1. REPLEVIN—WHETHER TRADE OF AUTOMOBILE FOR LAND WAS CONSUMMATED AND CAR DELIVERED TO DEFENDANT AS PART OF PURCHASE PRICE WAS ISSUE FOR JURY IN CLAIM AND DELIVERY ACTION.—In action for claim and delivery of automobile, issue whether agreement for exchange of car for land was actually consummated and car delivered to defendant in part payment of purchase price was one of fact for jury.

2. REPLEVIN—PLAINTIFF SUING FOR RECOVERY OF AUTOMOBILE HAD BURDEN TO PROVE RIGHT TO POSSESSION AT TIME OF COMMENCEMENT OF ACTION, AND INSTRUCTION THAT DEFENDANT HAD BURDEN TO PROVE CAR WAS GIVEN HIM IN PART PAYMENT FOR LAND WAS

ERROR.—In claim and delivery action for recovery of automobile, in which plaintiff alleged that he owned car at time of commencement of action, and had delivered it to defendant during negotiations for trading it for tract of land, and in which defendant interposed a general denial, and claimed contract was entered into and automobile was given as part payment for purchase price of the land, plaintiff had burden to show that he had legal title and right to immediate possession of the automobile at the time of commencement of the action, and instruction placing burden on defendant to prove that the car was given him as part payment was prejudicial error.

3. REPLEVIN—DEFENSE THAT PLAINTIFF HAD PARTED WITH TITLE IS AVAILABLE UNDER GENERAL DENIAL IN CLAIM AND DELIVERY ACTION.—In claim and delivery action, defendant may avail himself of defense that plaintiff has parted with title, under general denial.

4. EVIDENCE—BURDEN OF PROOF IS ON PLEADER.—Party pleading fact has burden to prove it.

5. REPLEVIN—DEFENDANT IN POSSESSION OF PROPERTY AT TIME OF COMMENCEMENT OF REPLEVIN ACTION IS PRESUMED TO HAVE TITLE.—Defendant in possession of property at time of commencement of replevin action is presumed to have title, and plaintiff must overcome presumption to recover.

Before TOWNSEND, J., Aiken, March, 1926. Reversed and new trial ordered.

Action by Fannie Jackson, administratrix, against W. F. Frier. Judgment for plaintiff, and defendant appeals.

*Messrs. Williams, Croft & Busbee,* for appellant, cite: *General denial sufficient to complaint of claim and delivery:* 23 R. C. L., 931, 932, 934; 21 R. C. L., 566; 20 Ann. Cas., 429; Id., 296. *Burden of proof:* 85 Am. Dec., 452; 26 Am. Dec., 136; 31 A. L. R., 144; Chamberlayne, Ev., 944, 947; 100 Mass., 487; 94 Fed., 753.

*Messrs. William M. Smoak,* and *Hendersons & Salley,* for respondent, cite: *As to burden of proof:* 20 Ann. Cas., 296. *Allegations of the details of plaintiff's ownership in claim and delivery mere surplusage:* 111 S. C., 218.

July 11, 1928.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The only matter which we shall discuss in this case is the assignment of error to that part of the Circuit Judge's charge in reference to the burden of proof. This requires a somewhat detailed statement.

The action is in claim and delivery for an automobile, instituted in December, 1919; upon a former trial a verdict was directed in favor of the plaintiff; upon appeal that judgment was reversed and a new trial ordered (118 S. C., 449; 110 S. E., 676); thereafter the plaintiff died and his wife, Fannie Jackson, as administratrix of his estate, was substituted as plaintiff. The case was tried before his Honor, Judge Townsend, and a jury at March term, 1926, resulting in a verdict for the plaintiff for the value of the car $250 and $500 damages. The defendant has appealed.

The issue between the parties plainly appears from the complaint and answer: It is alleged in the complaint that in November, 1919, the intestate, D. A. Jackson, was the owner of a certain described automobile; that at the time of the commencement of the action he was the owner and entitled to the possession of the car; that in November, 1919, he parted with the possession of the car to the defendant under these circumstances; "that he (the defendant) represented himself as the owner of a tract of real estate which he by parol offered to sell to plaintiff, and to take the automobile on the purchase price thereof, and induced the plaintiff (D. A. Jackson) to allow him to try out the said automobile"; that the defendant "converted it to his own use and benefit and refuses to deliver the same to plaintiff, notwithstanding due demand has been made therefor." (We read between the lines, what is not distinctly averred, that the offer of the defendant to sell the land was not accepted by D. A. Jackson, who thereby became entitled to a return of the car committed by him to the defendant upon the condition above stated.)

The answer of the defendant contains a general denial of the plaintiff's title and right to possession, and an explanation of the circumstances under which the defendant acquired possession of the car as follows: That he and the plaintiff entered into a contract for the sale and purchase of a certain tract of land, and that the automobile was delivered by the plaintiff to the defendant as part payment of the purchase price of the land; that without legal excuse the plaintiff refused to comply with said contract, which the defendant stood ready and willing to do, and was not entitled to a return of the automobile which he had delivered under these circumstances.

The plaintiff, as shown, contended that he had never consummated the alleged contract and that the automobile was not to be considered as a payment thereon, unless the contract was duly closed and the defendant, after trying it, was satisfied with the automobile. The defendant on the other hand, contended that the oral contract for the sale of the land was actually completed, and that the car was delivered as part payment of the purchase price.

His Honor, the Circuit Judge, very correctly stated the law to the jury, in conformity with the decision of this Court upon the former appeal:

"The law is that, if a trade for land is agreed upon, and the purchaser makes a part payment upon the purchase money, and the seller is able, ready, and willing to carry out or perform the contract, the purchaser cannot recover back the amount paid by him. If the jury is satisfied from the evidence that the automobile described in the complaint was delivered by Daniel A. Jackson to the defendant as an agreed price in part payment for land under a contract which had been made and agreed to by both defendant and Daniel A. Jackson, and with intent to pass title to the automobile to defendant, and that defendant is able, ready, and willing to carry out and perform such contract, then this

action of claim and delivery would not lie, and your verdict would be for defendant, if you so found."

As to the matter of the burden of proof, his Honor charged the jury as follows:

"The burden is upon the defendant to prove by the greater weight of the evidence that such contract or trade in all its terms was agreed upon by both parties, and that the automobile was turned over to defendant as part payment in the trade, and that he (the defendant) was ready, able, and willing to convey the land and carry out the trade. If defendant proves such facts, your verdict should be in favor of defendant in the form which I have stated."

And:

" * * * Where the defendant admits that the plaintiff originally owned the automobile, and claims to have acquired the automobile from the plaintiff or plaintiff's intestate under a contract or agreement with intestate, then in this case the burden of proof as to showing that defendant was entitled to hold it under that trade would be upon the defendant."

In our opinion his Honor was in error in so charging and that the error demands a reversal of the judgment.

While it is not controlling, it is of interest to note that manifestly counsel for the plaintiff conceived that the burden was upon them; they assumed it by offering *in chief* the testimony of the plaintiff (taken at the former trial), of his son Grover Jackson, of the outside witnesses New, Riley, Dubose, and Berkeley, tending to establish the facts that no trade had been consummated and that the defendant was to try out the car and return it in good shape if the negotiations should fall through.

In reply the defendant offered evidence to the effect that Jackson had declared to Wharton and Moyer that he had traded with defendant; that he was seeking the services of a surveyor to run the lines; that he was showing his son-in-law, who was expected to work it over the land; that he ap-

plied to the bank for a loan with which to pay for the land; that he was offering $100 to be let out of the trade; and the letter which he sent to the defendant, dated November 10, 1919 (written by his counsel, Mr. Henderson), "disaffirming and rescinding" "the understanding with you to purchase a tract of land from you for $12,000.   *   *   *   I left with you my automobile worth at least $1,000 *on the understanding.*"

The issue of fact whether the trade was actually consummated and the car delivered to the defendant as part payment of the purchase price was clearly one for the jury; it was the turning point in the case; and the question upon whom the burden rested was one of supreme importance.    Was it upon the plaintiff to show that the delivery of the car was conditional upon the consummation of the trade and the satisfaction of the defendant with the car, or upon the defendant to show that the trade had been consummated orally and that the car was delivered as part payment of the agreed purchase price?

As is said in 22 C. J., 69:

"The rule as to the burden of proof is important and indispensable in the administration of justice, and constitutes a substantial right of the party upon whose adversary the burden rests.    It should therefore be jealously guarded and rigidly enforced by the Courts."

The view of his Honor, the Circuit Judge, was that, *as at one time* the title to the car was admittedly in the plaintiff, the burden was cast upon the defendant to show that it had passed out of the plaintiff into the defendant; in other words, that, although the plaintiff may come into Court alleging that *at the time of the commencement of the action* he had the legal title to the chattel and is entitled to the immediate possession of it, he may, by showing simply *that at a time prior thereto* he did have the legal title and was entitled to the possession, cast the burden upon the defendant to prove a negative by showing *that at the time of the commencement*

*of the action* the plaintiff did not have the legal title, but that it was in him (the defendant). We do not think that this is the law.

The defendant's answer contains a general denial and also a specific statement of the grounds supporting the defendant's claim of title.

In 23 R. C. L., 932, it is said:

"It is usually held that the general denial in an action of replevin puts in issue not only the plaintiff's right to possession, but his title to the property replevied. Accordingly, the defendant may show under that plea that the plaintiff is not the owner of the property replevied, by showing that he himself is the owner, or that the title is in a third person."

And at page 934:

"Generally speaking, in an action of replevin, *the right to the possession of the property at the time suit is brought is the only matter in controversy,* and the only question that can be tried and determined therein. * * * The burden of proof is upon the plaintiff in replevin to show *that at the time of the commencement of the action* he was the owner, that he was entitled to the immediate possession of the property, and that the defendant wrongfully detains it. *And this burden does not change where the answer pleads property in the defendants."* (Emphasis added.)

The distinction is between affirmative defenses, which must be alleged, as to which the defendant assumes the burden of proof, and defenses which are available to the defendant under a general denial, as to which he does not assume that burden. We do not think that it can be questioned that, under the pleadings in this case, the defendant could avail himself of the defense that the plaintiff had parted with his title. It was available to him both under the general denial and under the specification of his claim which did not constitute an affirmative defense.

The burden is on a party pleading a fact to prove it. *McCall v. Alexander,* 81 S. C., 131; 61 S. E., 1106. *Heiden v. R. Co.,* 84 S. C., 117; 65 S. E., 987. *Scott v. Ins. Co.,* 102 S. C., 115; 86 S. E., 484. *Newton v. Bennett,* 111 S. C., 1; 96 S. E., 620.

In *Henderson v. Irby,* 1 Speers, 43, the Court said:

"The title of the plaintiff to the thing in question, his right to sue upon the particular cause of action set forth, must be made out, at least *prima facie,* by himself, and may always be inquired into, and his proof rebutted, on the part of the defendant."

In *Turner v. Cool,* 23 Ind., 56; 85 Am. Dec., 449, it was held, quoting syllabus:

"Burden of proof is upon plaintiff in replevin where the answer sets up, in substance, property in the defendant."

It can make no difference, in principle, whether the defendant claims from a stranger or from the plaintiff himself. It constitutes a denial of the allegation that the plaintiff, at the time of the commencement of the action, owned the title to the property; this necessarily put him to the proof.

In *Marsh v. Pier,* 4 Rawle (Pa.), 273; 26 Am. Dec., 131, the Court said:

"Although in most cases where the defendant pleads merely an affirmative plea, he is, by the course of practice, entitled to the conclusion, because, generally, it throws upon him the *onus probandi;* yet the plea of property, as I apprehend, does not produce this effect in the action of replevin. The plaintiff, I think, must, notwithstanding, first prove that he has a right to maintain his writ of replevin, by showing that he has either an absolute or special property in himself."

The Court quotes from *Clemson v. Davidson,* 5 Bin. (Pa.), 399:

"It is true that, notwithstanding his (the defendant's) plea, it is necessary for Clemson (the plaintiff) to show property in himself."

In the case of *Robb v. Dobrinski,* 14 Okl., 563; 78 P., 101; 1 Ann. Cas., 981, the plaintiff sued in claim and delivery for a lot of wheat, making the usual allegations of title and right to possession. The defendant answered by a general denial. The defendant offered evidence tending to show that the wheat was included in a purchase of a farm by him from the plaintiff. The plaintiff had a verdict. Upon appeal the defendant assigned error in the following charge:

"You are instructed that the burden of proof is upon defendants to show by a preponderance of the evidence that defendant Haffner obtained possession of plaintiff's wheat and farm with the full knowledge and consent of plaintiff, and that said possession was taken because of a contract honestly entered into between plaintiff and defendant Haffner, and that said Haffner did not, in plaintiff's absence, wrongfully take possession of said farm and wheat. If defendants do not show this by a preponderance of the testimony, you should find for the plaintiff and against the defendants."

In reversing the judgment for error in this charge, the Court said:

"Under our Code the gist of the action of replevin is the wrongful detention of the property in dispute. And in this case it was necessary for the plaintiff, in order to maintain his action, not only to plead, but to prove, the following facts: (1) That he was the owner of, or had a special interest in, the wheat in controversy; (2) that he was entitled to the immediate possession thereof; (3) that defendants wrongfully detained the same. And the burden of proof was on the plaintiff to sustain these material allegations of his petition. In this instruction the Court put the burden of proof, in effect, on the defendants to show that Haffner had not wrongfully taken possession of the wheat. It was in-

cumbent upon the plaintiff to prove by a fair preponderance of the evidence that he was not only the owner of the wheat, but that he was entitled to the immediate possession thereof, and that the same was wrongfully taken and detained from him by the defendants, or some one of them. The fact that Haffner claimed to have purchased the wheat from Dobrinski in connection with the farm did not put the burden of proof upon him or the other defendants."

"In replevin for a horse claimed by defendant under a sale from the one who had purchased from plaintiff, plaintiff claiming that the sale by him had been conditional, with reservation of title until payment, the burden of proof of showing such fact was on the plaintiff." *Schenck v. Griffith,* 74 Ark., 557; 86 S. W., 850.

"In replevin, where the right to recover is predicated on plaintiff's purchase of the goods and delivery to defendant, a charge is erroneous which places on defendant the burden of showing that he purchased the goods." *Butler v. Estrella Raisin Co.,* 124 Cal., 239; 56 P., 1040.

"In replevin, the plea of property in the defendant imposes upon the plaintiff the burden of proving property in himself." *Noble v. Epperly,* 6 Ind., 414.

"Ownership, or right of possession in plaintiff in replevin and possession held by defendant do not change the burden of proof, which remains with plaintiff to establish that defendant wrongfully holds possession of the property." *Morgan v. Jackson,* 32 Ind. App., 169; 69 N. E., 410.

"In replevin, where plaintiff claims absolute ownership and right to immediate possession, and defendant's answer is a general denial, plaintiff must establish his ownership and right to possession by competent evidence; and on failure so to do, the Court may direct verdict for defendant." *Northwall v. Strong,* 2 Neb. (Unof.), 699; 89 N. W., 767.

"Where a defendant in replevin admitted the plaintiff's title, but pleaded a special interest in himself, the burden of proving a right to the possession of the property and a

wrongful taking or detention is still on the plaintiff; and until he has done so, defendant is not required to offer proofs of his special defense." *Dodd v. Williams,* 27 Wash., 89; 67 P., 352.

Under pleas of property in defendant and others, "the question to be determined is the right of the plaintiff to possession of the property, and upon this issue the plaintiff holds the affirmative of the case and must sustain his right by a preponderance of the evidence." *Weber v. Huthmacher,* 161 Ill. App., 261.

"Where plaintiff * * * alleges ownership, and the answer is a general denial, plaintiff has the burden of establishing by a preponderance of the evidence that she is entitled to the possession * * * and this burden does not shift to the defendant by his introduction of evidence * * * showing that defendant purchased the property from plaintiff's husband and that plaintiff * * * authorized or ratified the sale." *Wylie v. Marinofsky,* 201 Mass., 583; 88 N. E., 448.

"In claim and delivery, the plaintiff has the burden of proving title, though defendant also claims title by his answer." *Frank v. Symons,* 35 Mont., 56; 88 P., 561.

"Where one came into possession of property without trespassing on another's right of possession, the burden of proof to show title is on the latter." *Campbell v. Brown,* 146 Mo. App., 319; 130 S. W., 50.

"An affirmative plea of property in defendants amounts to no more than a denial of plaintiff's allegation of ownership, and does not cast on defendants the burden of proof as to such plea." *Moore v. Marsh,* 59 Wash., 151; 109 P., 606.

"In action to replevin horse, alleged to be unlawfully detained by defendant, where latter pleaded *non cepit,* and that horse was his own property, which he was ready to verify, plaintiff held to have burden of proving property in himself." *Smith v. Deojay,* 124 Me., 381; 130 A., 130.

"A plea of property in defendant casts the burden upon plaintiff of showing a general or special property in the article." *Robinson v. Huschle,* 233 Ill. App., 519.

"In replevin, where plaintiff averred title and right of possession in himself and a wrongful detention by defendant, and defendant denied the title and right of possession of plaintiff and averred that the title and right of possession was in it, and plaintiff joined issue, it was for plaintiff to prove title and right of possession." *Security Corp. v. Whiting Co.,* 98 N. J. Law, 45; 118 A., 695.

"Defendant's plea of property in replevin case casts upon plaintiff the burden of establishing its right of property in the replevined article." *Burrier v. Cunningham,* 135 Md., 135; 108 A., 492.

"A plea of property by both parties in replevin puts in issue plaintiff's interest, and imposes upon it the burden of proving its right to the immediate and exclusive possession of all the property." *Canadian Car Co. v. Pa. Co.* (C. C. A.), 256 F., 339.

A very conclusive reason for reversing the rule declared by the Circuit Judge is that admittedly the defendant was in possession of the car at the time of the commencement of the action. This possession carried with it the presumption of title, which stood until the plaintiff succeeded in what he actually attempted to do, breaking it down.

In *Thompson v. Chapman,* 107 S. C., 461; 93 S. E., 142, quoting syllabus, it was held: "One in possession of personal property is presumably its owner." Reaffirmed in *Simmons v. Stevens,* 118 S. C., 342; 110 S. E., 798. See, also, *Vanderbilt v. Chapman,* 175 N. C., 11; 94 S. E., 703. *Hannis v. Berkeley,* 62 W. Va., 407; 59 S. E., 1054. *Sutton v. Lyons,* 156 N. C., 3; 72 S. E., 4. *Saunders v. Greever,* 85 Va., 252; 7 S. E., 391.

Judgment reversed; new trial ordered.

MESSRS. JUSTICES STABLER and CARTER concur.

MR. CHIEF JUSTICE WATTS (dissenting): This action is in claim and delivery for an automobile, commenced by service on December 3, 1919, of the summons and the usual claim and delivery papers. On a former trial a verdict was directed by the Judge for the plaintiff, and on appeal that judgment was reversed, and the case was ordered back to the Circuit Court for trial. 118 S. .C., 449; 110 S. E., 676.

After the new trial was granted the plaintiff became sick and died, and his wife, Mrs. Fannie Jackson, was appointed administratrix and was substituted as plaintiff in that capacity. The case was called, after having been continued a number of times, on March 23, 1925, and the attorney for the plaintiff announced that he had written to a member of plaintiff's family that the case was set for trial and that he had not seen any of the parties until on the morning for which the case was scheduled for trial, when plaintiff's son entered the court room and announced that his mother and brother had pneumonia and because of illness in the family she was not present.

Defendant urged the Court to try the case at that term of the Court, and the Judge, after hearing counsel for both sides, the one contending that due diligence had not been used and the other contending that it had, decided that the case would again go over, unless defendant would admit all the testimony introduced by the plaintiff at the former trial; that is, the testimony of every witness introduced by the plaintiff at the former trial of the case. The defendant was anxious to try his case, having come prepared to try it, and rather than have another continuance he went to trial in accordance with the Judge's decision; that is, admitted the witnesses testifying in behalf of the plaintiff at the former trial would testify, if present now, as they did then. The jury returned a verdict for $250, the alleged value of the car, together with $500 damages.

Judgment was entered after a motion for a new trial was made, and refused upon the grounds: First. That the ver-

dict was against the weight of the evidence. Second. The
Judge abused his discretion in forcing the defendant to ad-
mit the testimony of plaintiff's witnesses. Third. The
Judge erred in charging the jury that the burden was on the
defendant to prove that he acquired the car by purchase on
the land trade and not on the plaintiff to prove that he loaned
the car to defendant and to prove his case by the prepond-
erance of the evidence.

The third allegation in the complaint is:

"(3) That on the said day the defendant obtained pos-
session of the said automobile in this wise: That he repre-
sented himself as the owner of a tract of real estate, which
he by parol offered to sell to plaintiff and to take automobile
on the purchase price thereof, induced the plaintiff to allow
him to try out the said automobile, converted it to his own
use and benefit, and refuses to deliver the same to plaintiff,
notwithstanding due demand has been made therefor; that
the said property has been wrongfully converted, withheld,
and detained by the defendant from the plaintiff wantonly
·and willingly for no reason whatever, unless to deprive
plaintiff thereof, all of which is to the very great damage of
the plaintiff."

The answer of the defendant is:

"(1) That, except as is hereinafter admitted, he denies
each and every allegation in said complaint contained, and
demands strict proof thereof.

"(2) This defendant admits that he is a resident of Aiken
County, and that the plaintiff is such resident, and that the
defendant once had possession of the automobile in question;
but this defendant alleges that he obtained possession of said
automobile by reason of the plaintiff entered into an under-
taking with the defendant to purchase a tract of land and to
pay the automobile thereon to bind the trade, and the plain-
tiff later without any fault on the part of the defendant,
·breached his agreement to purchase the land, and thereafter
·requested defendant to return the automobile, which plain-

tiff left with defendant as part payment on the tract of land, the purchase price thereof being $12,000. The only excuse that the plaintiff offered for breaching his agreement was that he did not wish the land, and this defendant stood ready and willing at all times to carry out his contract to convey the land."

The exceptions are eight in number. Under ordinary circumstances the burden of making out the case is on the plaintiff, but no other inference can be drawn from the pleadings in the case than that the plaintiff turned the automobile over to the defendant either for trial by the defendant for a certain purpose or a part payment for a land trade.

The following occurred during the trial: Judge Townsend's position is made plain by the following colloquy between him and appellant's counsel which took place at the close of the charge:

"Mr. Williams: As to the burden of proof, generally that is on the plaintiff.

"The Court: It would be, generally, but where the defendant admits that the plaintiff originally owned the automobile, and claims to have acquired the automobile from the plaintiff or plaintiff's intestate under a contract or agreement with intestate, then in this case the burden of proof as to showing that defendant was entitled to hold it under that trade would be upon the defendant, but upon the other issues the plaintiff has the burden of proof; that is, if the plaintiff asks for damages, it is up to the plaintiff to prove the amount of damages by the greater weight of the evidence."

In the section from Ruling Case Law principally relied on by counsel, as setting out the law of replevin, we find the following language:

"In case the defendant does not deny the allegations of the complaint, but relies entirely on an affirmative defense, the burden is on him throughout to establish his defenses."

In the replevin case cited in the text (*Colean Mfg. Co. v. Johnson*, 82 Kan., 655; 109 P., 403; 20 Ann. Cas., 296)

the Supreme Court of Kansas stated the doctrine to include not only admissions in pleading, but also admissions made in the trial. The defendant in said case was the appellant before the Supreme Court of Kansas. Said the Court:

"The first complaint is that the trial Court ruled that the burden of proof was upon appellant. There is nothing substantial in this complaint. At the opening of the trial appellant announced that he would not contest the execution of the notes and mortgage, and that his defenses would be based upon the incapacity of appellee to maintain the action and that the property taken was exempt. In that state of the case it was unnecessary for appellee to prove the execution of the notes and mortgage or the amount due thereon. *Mills v. Kansas Lumber Co.*, 26 Kan., 574. Appellant had the affirmative of the defenses outlined, and the burden was properly placed on him as to these defenses."

The pivotal question, then, is both the state of the pleadings herein and the question of what admissions were made by the defendant in the trial. The complaint alleges that on "the ———— day of November the plaintiff was the owner and in the possession of" the automobile in question, and "that on said day the defendant obtained possession of said automobile," setting out incidentally only the manner of his obtaining possession. The allegations as to these details are mere surplusage, as was held in *Osteen v. Lowry,* 111 S. C., 218; 97 S. E., 244, in which this Court held allegations of the details of plaintiff's ownership in claim and delivery to be mere surplusage.

The action is possessory merely, although title may incidentally come into the case. But the defendant in his testimony freely admitted, and there was no dispute about it in the whole case, that before the land trade came up the automobile was the undoubted property of the plaintiff. He admitted in his testimony that he got into possession of the plaintiff's automobile on the day in question. Hence we have a case of the car which was admittedly the plaintiff's

being admittedly in the defendant's possession. Due demand before suit brought was specifically admitted by the pleading. Hence a *prima* *facie* case was made out by the admissions in ·testimony, unless defendant could affirmatively prove his excuse for keeping the automobile.

We see no error in Judge Townsend's rulings, or charge, and· the exceptions as to his rulings on the pleadings· and burden of proof and measure of damages are overruled. As to the exception as to a continuance, the defendant was given the option of having the case continued until the next term of the Court or of going to trial upon the terms suggested by the Court. . They chose to go to trial.

All exceptions should be overruled, and judgment should be affirmed.

MR. JUSTICE BLEASE concurs. ·