MBNA AMERICA BANK, N.A.,
Appellant–Plaintiff,

v.

Thomas W. ROGERS, Appellee–
Defendant.

No. 02A03–0506–CV–260.

Court of Appeals of Indiana.

Dec. 1, 2005.

Glenn S. Vician, Bowman, Heintz, Boscia & Vician, P.C., Merrillville, for Appellant.

**OPINION ON REHEARING**

BAILEY, Judge.

MBNA appealed the dismissal of its complaint seeking judgment upon an arbitration award against Thomas W. Rogers, issued on December 11, 2003, in the amount of $28,892.36. MBNA did not seek confirmation of the arbitrator's award within the one-year time period referenced in 9 U.S.C. § 9, which provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the Court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in Sections 10 and 11 of this title. If no court is specified in the agreement to the parties, then such application may be made to the United States Court in and for the district within which such award was made.

Upon concluding that the foregoing provision is properly construed as a statute of limitations, and that MBNA's complaint was untimely, we affirmed the dismissal of the complaint. *MBNA America Bank, N.A. v. Thomas W. Rogers*, 835 N.E.2d 219 (Ind.Ct.App.2005).

MBNA petitions for rehearing. Comparing the one-year limitations period of 9 U.S.C. § 9 with Indiana Code Section 34–11–2–9,[1] MBNA contends that our decision "extinguishes the Indiana six year statute of limitations relating to promissory notes and consumer debts in those instances where a lender initially elects arbitration" and "such a result will discourage the use of arbitral alternative dispute resolution processes." Appellant's Rehearing Brief at 2–3. However, the decision does not dictate that a lender has only one year after the cause of action accrues to commence an action. Rather, to seek court enforcement of an arbitrator's award, an application seeking confirmation of the award must be filed within one year.

Moreover, to the extent that MBNA's remedies in state court are now restricted, it is the result of MBNA's election of remedies. The copy of the arbitration award attached to MBNA's complaint discloses that MBNA elected to engage in binding arbitration, and states in pertinent part: "[O]n or before 07/17/2003 the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration in accordance with the Forum Code of Procedure." (App.7.) MBNA elected to avail itself of "an alternative dispute resolution system that gives litigants a sure and expedited resolution of disputes while reducing the burden on the courts [and] . . . provide[s] not only a fast resolution but one which establishes conclusively the rights between the parties." *In re Consol. Rail*, 867 F.Supp. 25, 31 (D.D.C.1994). Having elected the benefits of the streamlined summary proceeding, MBNA may not complain that the limited time to preserve the arbitration award for later enforcement in a court of law deprives it of the applicable statute of limitations for the commencement of an action.

---

**1.** Indiana Code Section 34–11–2–9 provides in pertinent part: "An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues."

Accordingly, we grant rehearing and affirm, in all respects, our decision of October 5, 2005.

SHARPNACK, J., and DARDEN, J., concur.