THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.

 
 
 
 THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 MBNA America
 Bank, N.A., Respondent,
 v.
 Joseph E.
 Baumie, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2008-UP-205
Submitted March 4, 2008  Filed March 25,
 2008
REVERSED

 
 
 
 Joseph E. Baumie, of Inman, for Appellant.
 Eric C. Hale and Roy W. Boggs, of Columbia, for Respondent.
 
 
 

PER CURIAM:  A
 credit card holder, Joseph E. Baumie, argues the circuit court erred in
 confirming an arbitration award issued by the National Arbitration Forum in
 favor of MBNA America Bank, N.A., the issuer of Baumies credit card. 
 Specifically, Baumie argues MBNA failed to produce evidence of an arbitration
 agreement between the parties.  We reverse.[1]
FACTS
MBNA filed an arbitration claim against
 Baumie in the National Arbitration Forum (Forum) alleging it had issued Baumie a
 credit card and he subsequently defaulted on their agreement.  Baumie contested
 arbitration several times in writing to the Forum, asserting he never agreed to
 arbitrate.  Despite Baumies assertions, the Forum went forward with the
 arbitration and determined the parties entered into an arbitration agreement.  The
 Forum found in favor of MBNA in the amount of $11,241.84.  
MBNA filed a complaint in circuit court
 seeking confirmation of the arbitration award.  Baumie answered and filed a counterclaim
 and a motion to dismiss.  MBNA filed a motion to confirm the arbitration
 award, and Baumie filed a motion opposing the confirmation.  Following a
 hearing, the circuit court took the matter under advisement, and subsequently
 issued an order confirming the award and entering judgment against Baumie in
 the amount of $11,241.84.  This appeal followed.
STANDARD OF REVIEW
Unless the parties otherwise provide, the question of
 the arbitrability of a claim is an issue for judicial determination.  Zabinski
 v. Bright Acres Assocs., 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001).  Determinations
 of arbitrability are subject to de novo review, but if any evidence reasonably
 supports the circuit courts factual findings, this court will not overrule
 those findings.  Stokes v. Metropolitan Life Ins. Co., 351 S.C. 606, 609-10,
 571 S.E.2d 711, 713 (Ct. App. 2002).
LAW/ANALYSIS
Baumie
 argues the circuit court erred by confirming the arbitration award because MBNA
 had not produced sufficient evidence of an arbitration agreement.  We agree. 
 
The Federal
 Arbitration Act requires courts to enforce privately negotiated arbitration
 agreements according to their terms.  Zabinski v. Bright Acres Assocs., 346
 S.C. 580, 592, 553 S.E.2d 110, 116 (2001).  However, arbitration is a matter of contract, and a
 party cannot be required to arbitrate any dispute which he has not agreed to
 arbitrate. Chassereau v. Global Sun Pools, Inc., 373 S.C. 168, 171-2,
 644 S.E.2d 718, 720 (2007) (citing Zabinski at 596, 553 S.E.2d at
 118).  
If a
 party challenges the enforcement of an arbitration award on the grounds that
 there was not an arbitration agreement between the parties, it naturally
 follows the court must first ascertain whether the agreement actually existed. 
 The party seeking enforcement of the award, then, must present evidence of the
 agreement itself because [t]he burden is on a party pleading a fact to prove
 it.  Jackson v. Frier, 146 S.C. 322, 144 S.E. 66,
 68, (1928); Hammond v. Halsey, 287 S.C. 46, 49, 336 S.E.2d 495,
 497 (Ct. App. 1985).
In the instant
 case, the only evidence of the arbitration agreement provided by MBNA was a photocopy
 of a seven-page pamphlet entitled Credit Card Agreement Additional Terms and
 Conditions, outlining the terms and conditions of an agreement.  However, MBNA
 offers no evidence to authenticate the pamphlet or show it was in fact sent to Baumie.  Furthermore, while the pamphlet explains the terms of an arbitration
 agreement, its language merely refers to some other agreement.  Outside of the
 pamphlet, MBNA did not provide any evidence whatsoever of any actual agreement
 between itself and Baumie, nor did it produce any evidence that Baumie in fact
 agreed to arbitration.  Accordingly, because MBNA failed to produce any
 evidence of an actual arbitration agreement between the parties, the circuit
 court erred in confirming the arbitration award.
We
 note several other jurisdictions[2] have arrived at similar decisions regarding whether consumers agreed to
 arbitration with MBNA. See, e.g., MBNA Am. Bank, N.A. v. Boata,
 893 A.2d 479 (Conn. App. 2006); MBNA Am. Bank, N.A. v. Rogers, 838
 N.E.2d 475 (Ind. App. 2005); MBNA Am. Bank, N.A. v. Hart, 710 N.W.2d 125
 (N.D. 2006); MBNA Am. Bank, N.A. v. Terry, 2006 WL 513952 (Ohio Ct. App.
 2006); MBNA Am. Bank, N.A. v. Berlin, 2005 WL 3193850 (Ohio Ct. App.
 2005); MBNA Am. Bank, N.A. v. Perese, 2006 WL 398188 (Texas App. 2006). 
 In a similar case involving MBNA, the Kansas Supreme Court addressed this very
 issue and found:

 MBNA
 failed to attach a copy of the arbitration agreement to its motion to confirm
 the award.  This violated the Federal Arbitration Act for which MBNA
 intermittently expresses respect. . . . This alone would have justified the district
 court in its decision to deny MBNAs motion to confirm the award.  

MBNA Am. Bank, N.A. v.
 Credit, 132 P.3d 898, 901 (Kan. 2006) (citing 9 U.S.C.
 § 13 (2000)).  According to 9 U.S.C.A. § 13 (2000):

 The
 party moving for an order confirming, modifying, or correcting an award shall,
 at the time such order is filed with the clerk for the entry of judgment
 thereon, also file the following papers with the clerk: (a) The agreement; the selection or
 appointment, if any, of an additional arbitrator or umpire; and each written
 extension of the time, if any, within which to make the award.

While the language of the
 statute requires the clerk to file the agreement with the judgment and does not
 address the documents to be filed when commencing an action to confirm the award,
 it does not relieve MBNA of the burden of showing an agreement to arbitrate existed. 
 As stated by the Kansas Supreme Court, [g]iven MBNAs casual approach to this
 litigation, we are not surprised that [a national trend in which consumers are
 questioning MBNA and whether arbitration agreements exist] may be growing.  Credit,
 132 P.3d at 902.
CONCLUSION
Because MBNA failed
 to produce evidence showing an arbitration agreement between itself and Baumie,
 the circuit court erred in confirming the arbitration award.  Accordingly, the
 order of the circuit court is 
REVERSED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] This court has also recently addressed this issue in MBNA Am. Bank, N.A. v. Christianson, Op. No. 4349 (S.C. Ct. App. Filed March 4, 2008)
 (Shearouse Adv. Sh. No. 10 at 74).